(83 South. 693)

No. 23572.

STATE ex rel. BOARD OF COM'RS OF BURAS LEVEE DIST. v. N. A. BAKER & SON et al.

(Jan. 5, 1920. Rehearing Denied Feb. 2, 1920.)

*(Syllabus by Editorial Staff.)*

MANDAMUS ⟜82—BOARD OF COMMISSIONERS OF LEVEE DISTRICT MAY COMPEL ERASURE OF ITS UNAUTHORIZED CONTRACT FOR SALE OF LAND.

Where board of commissioners of a levee district created by Act No. 18 of 1894 by resolution contracted on June 29, 1908, to sell all rights which it might acquire from United States government and the state, though it afterwards appeared that the board was not entitled to property under statute of its creation, and that any title it had was derived under special statute conveying it as part of the property which the state owned under its inherent sovereignty, and where Act No. 215 of 1908, prohibited

such sale, the prohibition did not and could not affect the title to the land, but the contract, being on the record, was a cloud which might deter those who might otherwise purchase, so that the board, under Code Prac. art. 830, defining mandamus, might proceed thereby to compel erasure of contract and to have it declared inoperative to that extent, reserving the other rights of the parties.

Appeal from Twenty-Ninth Judicial District Court, Parish of Plaquemines; R. Emmet Hingle, Judge.

Mandamus by the State, on the relation of the Board of Commissioners of Buras Levee District to compel the erasure from the records by the clerk and ex officio recorder of Plaquemines Parish of a certain contract between relator and N. A. Baker & Son, with appearance by Wisner Estates, Incorporated, in response to the rule. Judgment for plaintiff making the writ of mandamus peremptory and rejecting the reconventional demand of defendant Wisner Estates, Incorporated, and that defendant appeals. Judgment amended, and as amended affirmed.

Milling, Godchaux, Saal & Milling, of New Orleans, for appellant.

John Dymond, Jr., A. Giffen Levy, and A. G. Williams, all of New Orleans (R. J. Weinmann, of New Orleans, of counsel), for appellee.

DAWKINS, J. This is a proceeding by mandamus to compel the erasure from the records by the clerk and ex officio recorder of Plaquemines parish of a certain contract between the plaintiff and the defendant N. A. Baker & Son which it is claimed operates as an incumbrance upon certain real property. The clerk, N. A. Baker & Son, the original party to the contract with plaintiff, and the Wisner Estates, Incorporated, to whom Baker & Son had transferred their rights, were all made parties defendant in the rule.

Defendant Wisner Estates, Incorporated, appeared in response to the rule, and first

excepted to the proceeding on the ground that the petition disclosed no right or cause of action and no right to institute this action by mandamus. It then answered in the alternative the various allegations of the petition, and prayed that plaintiff's demands be rejected, and in the alternative for judgment in the sum of $2,500, which it averred had been paid under the terms of the contract to the plaintiff.

There was judgment below in favor of the plaintiff overruling and dismissing defendants' exceptions, and making the writ of mandamus peremptory, and directing the cancellation and erasure of the contract from the records of Plaquemines parish, and also rejecting defendants' reconventional demand.

Defendant Wisner Estates, Incorporated, has appealed.

### Opinion.

The first question which confronts us on the threshold of this case is as to the right to proceed by mandamus. The contract and two reinscriptions which it is sought to cancel by this proceeding read as follows:

"No. 14. Contract between Buras Levee District and N. A. Baker & Sons.

"United States of America, State of Louisiana, City of New Orleans.

"Be it known that on this twenty-ninth day of the month of June, in the year of our Lord one thousand nine hundred and eight (1908), and of the independence of the United States of America the one hundred and thirty-second (132d), before me, Alvin Edward Hebert, a notary public duly commissioned and qualified in and for this city and the parish of Orleans, therein residing, and in the presence of the witnesses hereinafter named and undersigned, personally came and appeared John Bernard Fasterling, president, herein appearing for and in behalf of the board of commissioners for the Buras levee district, a political corporation created by Act No. 18 of the General Assembly of the state of Louisiana for the year of 1894, herein appearing by virtue of a resolution of the board of commissioners of said district adopted at its meeting held at Buras, La., on Thursday, February 18, 1908, a certified copy whereof is hereto annexed, who declared unto

me, notary, that the said board of commissioners for the Buras levee district does by these presents covenant, agree, stipulate, and bind itself to hereafter sell, transfer, set over, assign all of its rights, titles, and interest which it may acquire from the United States government and the state of Louisiana in and to all the lands situated in the state of Louisiana in T. 18 and 20 S., R. 25 E., T. 19, 20, and 21 S., R. 26 E., T. 20 and 21 S., range 27 E., S. E. district of Louisiana west of river, and hereafter to be acquired by the said board from the United States government and the state of Louisiana, except as hereafter specified, unto N. A. Baker & Sons, commercial firm composed of Nelson A. Baker, Earle R. Baker, and Millard C. Baker, doing business and domiciled at New Orleans, La., and herein represented by Millard C. Baker, acting for and on behalf of N. A. Baker & Sons, here present agreeing, stipulating, covenanting with the board of commissioners for the Buras levee district under the following terms and conditions, to wit:

"The said board of commissioners for the Buras levee district hereby agree to sell, transfer, set over, assign all the rights and titles which it may acquire in and to the above-described lands unto the said N. A. Baker & Sons at the price and sum of 25 cents per acre (twenty-five), conditioned as follows: At the time of signing these presents the said board of commissioners for the Buras levee district does hereby receive and acknowledge the receipt hereof from the said N. A. Baker & Sons of the sum of one thousand ($1,000.00) dollars cash due, acquittance and discharge for which is hereby granted as deposit to bind the said N. A. Baker & Sons to its obligation under this contract. The said board of commissioners for the Buras levee district shall receive from N. A. Baker & Sons, and the said N. A. Baker & Sons does hereby obligate itself to pay the said board of commissioners for the Buras levee district, the further sum of one thousand five hundred ($1,500.00) dollars cash within sixty (60) days after the signing of these presents as a further deposit to secure the performance by the said N. A. Baker & Sons of its obligation under this contract, and the said N. A. Baker & Sons does hereby obligate itself to receive and accept title to and to pay the purchase price of any or all of said lands within six (6) months after the said board of commissioners for the Buras levee district shall have tendered to the said N. A. Baker & Sons the proper deed and abstract showing clear title and ownership of all or any part of the said lands by the said board of commissioners for the Buras levee

district. It is agreed between the board of commissioners for the Buras levee district and the said N. A. Baker & Sons that, in the event that the board of commissioners for the Buras levee district should fail to recover and have vested in itself within two (2) years from this date titles to sufficient land to cover, the cash paid upon this contract, the difference between the said amount deposited and paid to the board of commissioners for the Buras levee district and the purchase price of the lands on the basis of twenty-five (25¢) cents per acre, title to which shall be vested in the board of commissioners for the Buras levee district, and tendered to N. A. Baker & Sons, shall be returned to the said N. A. Baker & Sons, and this contract terminated. It is further agreed and stipulated that this contract is to exist and hold good for a period of two (2) years from the date hereof, and should the said board of commissioners for the Buras levee district fail within said term to recover all of the lands which it is possible for the said board of commissioners for the Buras levee district to recover, it shall be optional with the said N. A. Baker & Sons to ask and receive a further extension of two (2) years' time under the same terms and conditions.

"The deed of sale of said lands so acquired by the board of commissioners for the Buras levee district is to be made in favor of N. A. Baker & Sons, or any party they may designate, the privilege being granted to the said N. A. Baker & Sons and accepted by them of making contracts for the sale of any portion of these lands at any time during the existence and under the terms of this contract. The said board of commissioners for the Buras levee district hereby obligates itself to execute deeds and transfers of lands at the request of the said N. A. Baker & Sons in accordance with all properly recorded contracts made by the said N. A. Baker & Sons with third parties not contrary to the terms of the agreement. It is further agreed and stipulated, upon the final recovery of all the lands and vestiture of title in and to all the lands in favor of the board of commissioners of the Buras levee district in above townships or all that is possible for the board of commissioners for the Buras levee district to recover should the said N. A. Baker & Sons fail to take title and accept deed to said property and pay the purchase price for all or any portion of said lands in compliance with the condition of this contract within sixty (60) days after tender of title, the said N. A. Baker & Sons shall forfeit the sum of one thousand two hundred and fifty ($1,250) dollars which said sum is to be retained by the board of commissioners for the Buras levee district out of the two thousand

146 LA.—14

five hundred dollars cash paid under this contract.

"The right being received [reserved] to the said N. A. Baker & Sons to designate the lands to be transferred by the board of commissioners for the Buras levee district to the said N. A. Baker & Sons to cover the balance of twelve hundred and fifty dollars. The said right is hereby reserved by the said N. A. Baker & Sons, and to them granted by the said board of commissioners for the Buras levee district, to release from the stipulations and conditions of this contract any number of acres of land designated and paid for by the said N. A. Baker & Sons, and to be transferred by the board of commissioners of the Buras levee district to them or a third party or assigns by them designated during pendency of negotiations looking to the final recovery of all the lands, payment for such lands to be made exclusive of the deposit heretofore referred to. This release to be granted by the said board of commissioners for the Buras levee district in favor of N. A. Baker & Sons or parties by them designated or other assigns conditioned upon the payment of twenty-five cents (25¢) per acre for each acre of land designated: the said payments to be made regardless of the deposits and payments made by the said N. A. Baker & Sons to the board of commissioners for the Buras levee district. It is a condition in this contract that in all deeds or transfers by the said board of commissioners of the Buras levee district to the said N. A. Baker & Sons, or parties by them designated, no warranty is to be given by the said board of commissioners for the Buras levee district only transferring to the said N. A. Baker & Sons or assigns such rights only as such board itself shall have acquired from the state of Louisiana. It is a further condition that, should the title of said board to said lands be declared invalid, then the said N. A. Baker & Sons shall have no right of action against the said board, and the said board shall not even be held liable for the restitution of the purchase price of the lands by it transferred to the said N. A. Baker & Sons. There is reserved from the terms of this agreement the title to any lands in said township which the board of commissioners for the Buras levee district shall have already sold in anticipation of its subsequently getting title to such lands from the state of Louisiana, estimated at approximately 600 acres.

"It is a further condition that the said board of commissioners for the Buras levee district shall transfer only the lands of the various sections, and not to water bottoms.

"This done and passed in my office in the city of New Orleans on the day and date herein-

above written in the presence of Messieurs Fernande Estopinal and John Dymond, Jr., competent witnesses, who hereunto sign their names with the said appearers and me, notary, after due reading of the whole. [Original Signed] J. B. Fasterling, President Buras Levee District. N. A. Baker & Sons, per M. C. Baker.

"Alvin Edward Hebert, Notary Public.

"[Signed] Ernest Alberti,

"Dy. Clerk of Court, etc.

"Witnessed and approved: Atty. for N. A. Baker & Sons. John Dymond, Jr., Atty. for the Board of Commissioners for the Buras Levee District.

"Recorded parish of Plaquemines on July 8th, 1908.       ' [Signed] F. J. Lobrano,

"Clerk of Court."

This contract was assigned by the said N. A. Baker & Sons to the Wisner Estates, Incorporated, who is the real defendant in the present case.

At the time of the contract the plaintiff was not the owner of the property in question, but both parties to the contract were of the belief that it was entitled thereto under the statute of its creation, and by virtue of the grant by the federal government of swamp and overflowed lands to the state for levee purposes. However, the general land office ruled that the property, because of the fact that it was subject to tidal overflow, belonged to the state in virtue of its sovereignty, and it was finally conveyed to the plaintiff board in May, 1914. Thereafter some negotiations took place between plaintiff and Baker & Sons, but nothing came of them, and the lands were finally advertised for sale in September, 1918, pursuant to Act No. 215 of 1908. Thereupon the defendant Wisner Estates, Incorporated, filed a protest, as assignee, against the sale, which was postponed, and the property was reoffered on February 1, 1919, when it was bought in by one R. L. Gascon at the price of 50 cents per acre. The certificate of mortgages furnished in connection with the sale showed the inscriptions of the contract which it is now sought to have canceled. Hence this suit.

We think it necessary to distinguish between the rights of the parties under the contract as for damages for a breach and the question of having it remain as an incumbrance upon the property. Of course, if it is one which may be enforced, then any purchaser must take with notice of the record, and in a proper proceeding defendant may obtain title, or plaintiff, in the absence of a prior sale, might compel the acceptance of the property. However, it appears both from the contract itself and the proof, that plaintiff was not the owner of these lands when the contract was made, but it was contemplated that it would acquire them in a certain manner. Later it developed that the board was not entitled to the property under the statute of its creation. Title was derived only as the result of a special statute conveying it as a part of property which the state owned in virtue of its inherent sovereignty. In the meantime, and during the very year in which the contract was made, Act No. 215 of 1908 was passed, prohibiting the sale by this plaintiff, together with all other levee boards of their lands except in a particular manner and for minimum prices, to the highest bidder. Hence it has never been within the power of the plaintiff board to comply with this contract. It therefore does not and cannot affect the title to the land in question, but, being on the records, operates as a shadow to deter those who might otherwise purchase.

Article 830, C. P., provides:

"The object of this order [mandamus] is to prevent a denial of justice, or the consequence of defective police, and it should therefore be issued in all cases where the law has assigned no relief by the ordinary means and where justice and reason require that some mode should exist of redressing a wrong, or an abuse of any nature whatever."

More than ten years had elapsed since the making of this contract, and defendants had taken no action looking to the enforcing o any rights under it. In this situation, plaintiff being without the right or power to

make any demands under the agreement, would it have to continue to await the pleasure of the defendants, and to permit the contract to remain on record? We think not. Lanaux v. Recorder of Mortgages et al., 36 La. Ann. 974; State ex rel. Busha's v. Register of Conveyances et al., 113 La. Ann. 93, 36 South. 900.

Our conclusion is that the plaintiff did have the right to proceed by mandamus, in so far as it was necessary to remove the cloud upon the property created by the recordation of the contract, and to have it declared inoperative to that extent. However, the other rights of the parties cannot be determined in this proceeding, and must be reserved.

For the reasons assigned it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and is hereby, amended so as to reserve to all parties the right to proceed by an ordinary action to have determined all other rights under the contract, except the question of specific performance, and, as thus amended, the judgment of the lower court is affirmed at the cost of the appellee.