**RECTANGLE RANCHE CO. v. BOARD OF COM'RS FOR BURAS LEVEE DIST. et al.**

**No. 374.**

United States District Court
E. D. Louisiana, New Orleans Division.
April 5, 1950.

John E. Jackson, Baldwin J. Allen, Dart, Guidry & Price, New Orleans, La., for plaintiff.

Leander H. Perez, A. Giffen Levy, New Orleans, La., Rudolph M. McBride, Belle Chasse, La., for Buras Levee Dist. and Plaquemines Police Jury.

Chaffe, McCall, Toler & Philips, New Orleans, La., Liskow & Lewis, Lake Charles, La., Rosen, Kammer, Wolff, Hopkins & Burke, Deutsch, Kerrigan & Stiles, Farrar & Sutter, Chalin O. Perez, New Orleans, La., for other defendants.

WRIGHT, District Judge.

This is a suit to try title to certain lands in the Parish of Plaquemines, State of Louisiana. Plaintiff, Rectangle Ranche Company, claims title by mesne convey- ances from the defendant, Buras Levee District, which takes the position that these lands were not included in the deed un- der which plaintiff claims. The real ques- tion presented is whether or not the so- called sovereignty lands or lands built up by alluvion in the Parish of Plaquemines were transferred to the Buras Levee Dis- trict by Act No. 18 of 1894 of the Legisla- ture of Louisiana or by Act No. 205 of 1910 of the same legislature. Plaintiff's title is based on the 1894 acquisition by the Buras Levee District. If the lands in suit were not conveyed to the Buras Levee District until 1910, then of course plaintiff has no claim.

Section 11, Act No. 18 of 1894 reads as follows: "Be it further enacted, etc., that in order to provide additional means to carry out the purposes of this act and to furnish resources to enable said board to assist in developing, establishing and com- pleting a levee system in the said district all lands now belonging or that may here- after belong to the State of Louisiana, and embraced within the limits of the levee district as herein constituted shall be, and the same are hereby given, granted, bar- gained, donated, conveyed and delivered under said Board of Levee Commissioners of the Buras Levee District, whether said lands or parts of lands were originally granted by the Congress of the United States to this State, or whether lands have been or may hereafter be forfeited to or [bought] in by or for, or sold to the State at tax sales for non-payment of taxes. * * *."

Plaintiff contends that under this act "all lands now belonging or that may hereafter belong to the State of Louisiana, and em- braced within the limits of the levee dis- trict" were granted to the Buras Levee District, the "whether" clause being intend- ed not to limit the grant but to make certain that land obtained from the United States or through tax sale would also be includ- ed. In other words, plaintiff would read the "whether" clause as meaning "whether or not".

Act No. 205 of 1910 sought to amend Section 11 of Act No. 18 of 1894 by re-

enacting the section omitting "whether said lands or parts of lands were originally granted by the Congress of the United States to this State, or whether lands have been or may hereafter be forfeited to or [bought] in by or for, or sold to the State at tax sales for non-payment of taxes", and substituting "including all lands or parts of lands that were originally granted by the Congress of the United States to this State or that belonged to this State by virtue of her inherent sovereignty or that have been or may hereafter be forfeited to or bought in, by or for, or sold to the State at tax sales for non-payment of taxes."

It will be noted that Act No. 205 merely spells out what is to be understood by "all land" and specifically includes the so-called sovereignty lands of the state along with land acquired from the United States and tax lands. Plaintiff contends that this amending and re-enacting of Section 11 of Act No. 18 of 1894 by Act No. 205 of 1910 added nothing to the original act and merely restated in different words the substance of Act No. 18.

It would seem that under the language of Act No. 18, Section 11, the Buras Levee District did obtain the right to title of the sovereignty lands in question. Obviously sovereignty lands which are alluvion would be the first lands to be transferred by the state to a levee district in legislation creating the district. Further the section recites that "all lands" owned by the state are to be transferred to the Levee District. The "whether" clause which follows is a clumsy attempt on the part of the drafters of the statute to make certain that "all" is interpreted as meaning "all". Their effort to make the meaning of "all" clear apparently resulted only in confusion, for Act No. 205 of 1910 amended Act No. 18 and specifically granted the sovereignty lands to the levee district.

The Supreme Court of Louisiana has done little to clarify this confusion. In State ex rel. Board of Commissioners of Buras Levee Dist. v. N. A. Baker & Son, 146 La. 413, 83 So. 693, the court assumed that the sovereignty lands in question were not transferred to the levee district until 1910 by Act No. 205, the precise question presented here not being at issue in that case. The court in referring to the transfer of the sovereignty lands to the Buras Levee District, 146 La. at page 420, 83 So. at page 695, said: "Later it developed that the board was not entitled to the property under the statute of its creation. Title was derived only as the result of a special statute conveying it as a part of property which the state owned in virtue of its inherent sovereignty."

In Waterman v. Tidewater Associated Oil Co., 213 La. 588, 35 So.2d 255, the court as an alternative reason for its disposition of the case, decided the question presented here squarely but used as its sole authority the Baker case in which the point was not raised. The court again referring to the transfer of the sovereignty lands to the Buras Levee District, 213 La. at page 609, 35 So.2d at page 233, stated: "Moreover, it is clearly shown in this case that the lands in controversy are 'sovereignty' lands (see State v. Buck, 46 La.Ann. 656, 15 So. 531) and, therefore, never belonged to and were not acquired from the Federal government. Hence, such lands could not pass to the Levee Board under Act No. 18 of 1894. See State ex rel. Board of Commissioners of Buras Levee Dist. v. N. A. Baker & Son, 146 La. 413, 83 So. 693."

▮ While the Louisiana jurisprudence on the question as to whether the right to title of the sovereignty lands passed to the levee district in 1894 or 1910 is unsatisfactory, under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, this court, in diversity cases, must apply the law as found in the decisions of the highest court of the state. Since in Waterman v. Tidewater Associated Oil Company, supra, the Supreme Court of Louisiana has decided this precise question, this court has no alternative but to follow that ruling and sustain the defendants' motions to dismiss for failure to state a claim on which relief can be granted.

It is so ordered.