## RECTANGLE RANCHE CO. v. BOARD OF COM'RS FOR BURAS LEVEE DIST. et al.

### No. 13225.

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1951.

Rehearing Denied March 6, 1951.

Writ of Certiorari Denied April 30, 1951.

See 71 S.Ct. 742.

---

agreement with the district judge that they were binding upon him, and with appellee that the judgment should be affirmed.

Affirmed.

---

Louis C. Guidry, Taylor Caffery, John E. Jackson and Baldwin J. Allen, all of New Orleans, La., for appellant.

Cullen R. Liskow, Lake Charles, La., James W. Hopkins, L. H. Perez, Chalin O. Perez and Harry F. Stiles, Jr., all of New Orleans, La., for appellees.

Before HUTCHESON, Chief Judge, and McCORD and RUSSELL, Circuit Judges.

PER CURIAM.

This appeal brings up for review the sole question whether the construction the district judge gave to Section 11 of Act 18 of the Louisiana Legislature of 1894, LSA–RS 38:791 was compelled by the decisions of the Louisiana courts on which he relied.[1]

Appellant admits that, superficially viewed, these decisions do support the view of the district judge. It insists, though: that the language relied on in one of them was *dicta;* the other was inadequately considered, and, therefore, wrongly decided; that the rule of *stare decisis* sought to be applied by the district judge did not apply; and that the district judge was free, indeed was compelled, to construe the act for himself as plaintiffs contend it should be construed. We cannot agree.

We will not undertake to independently assay or assess the correctness of the decisions relied on by the district judge, or the others cited to us by the appellee. It is sufficient to say that we are in complete

1. State ex rel. Board of Com'rs v. N. A. Baker & Son, 146 La. 413, 83 So. 693;

Waterman v. Tidewater Assoc. Oil Co., 213 La. 588, 35 So.2d 225.