Lanaux vs. Recorder of Mortgages et als.

No. 9164.

G. A. LANAUX VS. RECORDER OF MORTGAGES ET ALS.

The object of the writ of mandamus in our practice is to prevent a denial of justice or to avert the consequence of a defective remedy. It must be issued when there is no ordinary legal relief and justice requires that a mode of redressing the wrong shall be found. It may be issued even where there are other means of relief, if the ordinary legal forms will produce such delay that the public good will suffer or the administration of justice be hindered.

Lanaux vs. Recorder of Mortgages et als.

This writ has become the ordinary legal relief for a party who seeks to obtain the erasure of mortgages upon his property.

Where the proof is that the mortgage has been paid actually or legally, the writ will be made peremptory, and the court will order the erasure even though the State is holder of the mortgage or a beneficiary of it.

The fact that the U. S. Court has taken cognizance of the liquidation of an Association whose mortgages have perempted or been paid will not prevent the State Court from ordering the erasure of such mortgages upon sufficient proof administered contradictorily with all parties interested.

APPEAL from the Civil District Court for the Parish of Orleans. Houston, J.

---

*Chas. F. Claiborne* for the Relator, Appellant.

*J. C. Egan*, Attorney General, and *John McEnery* for the Recorder of Mortgages, Respondents, Appellees.

*Henry B. Kelly* and *Henry Denis* on the same side.

*M. J. Cunningham*, Attorney General, on Application for Rehearing.

The original opinion and decree in this case were, on rehearing, set aside.

---

## ON REHEARING.

The opinion of the Court was delivered by

MANNING, J. The object of a mandamus in our practice is to prevent a denial of justice or to avert the consequence of a defective remedy. It must be issued when there is no ordinary legal relief and justice requires that a mode of redressing the wrong shall be found. It may be issued even when there are other means of relief, if the ordinary legal forms will produce such delay that the public good will suffer and the administration of justice be hindered. Code Prac. arts. 830-1.

This writ may be said to be the ordinary legal relief for a party wishing to obtain the erasure of mortgages upon his property. This Court said in Savage v. Holmes, 15 Ann. 334 that the daily practice was to use it for that purpose, and in that case compelled the erasure of a building contract where the builder had abandoned his partially finished work. A similar use of the writ was justified in State *ex rel.* Deblieux v. Recorder, 25 Ann. 61.

If this has become the ordinary legal form for this particular purpose, the objection that it cannot be employed when relief can be had by the ordinary means falls, since judicial sanction of " daily practice" has converted what was a means of averting the consequence of a defective remedy into a perfect and ordinary remedy of itself.

Lanaux vs. Recorder of Mortgages et als.

If this be not so, what is the ordinary legal relief for one whose property is apparently encumbered by mortgages? Must he wait until he who holds the apparent mortgages sues to enforce them, and then plead prescription or payment or other ground of non-existence or extinction? In that case there would be such delay as to hinder the administration of justice, and thus he would come within the provision for the permissive use of the writ even where there are other means of relief.

Now in this case the proof is that all the instalments have been paid except one, and that is only ninety dollars and has been due since 1862. There is therefore nothing due and exigible, and we were incorrect in saying on the first hearing that the plaintiff did not appear to be *in consimili casu* with Lord. And as we then held that if he were in the same condition as was Lord the principle of that case would be effectual for his release, the ascertainment of that fact furnishes occasion for the application of the same remedy.

A condition precedent to the use of the writ for the purpose of compelling the erasure of mortgages is that all the parties in interest must be brought before the court. Suc. Hearing, Manning's Unrep. Cas. 33.

The Attorney General excepted that the State cannot be made a party to any suit without her consent. If this were a suit against the State in any proper sense the objection would be good, but it is a proceeding to compel a ministerial officer to do what is alleged to be his manifest duty in a matter wherein it has been judicially declared the State has lost all interest where the proof is similar to that produced in this case. Besides, if the other branch of the exception be true, viz that her rights can be tested only in a plenary suit *via ordinaria*, the plaintiff would be powerless to bring such suit, and the mortgage would remain on his property uncancelled notwithstanding his right to its cancellation was apparent.

The point made that this court is without jurisdiction because Receivers have been appointed for the Consolidated Association by the U. S. Circuit Court is untenable when the object of the proceeding is to erase from the mortgage-book of the State an encumbrance created by her law and which the Circuit Court of the U. S. would have no authority to order.

We are thus constrained to take a view of this matter different to that we first expressed and must change our ruling thereon.

It is therefore ordered and adjudged that our former decree be set aside, that the judgment of the lower court is reversed, and that a mandamus issue as prayed at the respondent's costs.

Fenner J. recuses himself.