(91 South. 298)

No. 24270.

### STATE ex rel. BRASWELL v. HALLAM et al.

(Feb. 27, 1922. Rehearing Denied by Division C. April 3, 1922.)

*(Syllabus by Editorial Staff.)*

1. Mandamus ⬤⟳187(7)—Record held to show judgment awarding writ was properly rendered on the pleadings.

Where defendant in mandamus excepted to the sufficiency of the rule to show cause, and also answered by admitting the facts alleged by relator, but denying his right to the relief sought, an entry that, on the exceptions, the court heard the pleadings and the argument and took the matter under advisement, shows that the judgment awarding the peremptory writ was rendered on the pleadings, which was proper, since there were no issues as to the facts.

2. Mandamus ⬤⟳180—Summary disposition on pleadings raising only questions of law is proper.

Where the exceptions and answer to the rule to show cause in mandamus proceedings raised no issue as to the facts, a summary judgment awarding the peremptory writ on the pleadings was proper under Code Prac. arts. 841–843.

**3. Mandamus ☞3(1)—Right to resort to ordinary suit does not defeat right to writ.**

Under Code Prac. art. 831, a judge may in his discretion issue a writ of mandamus even when the complainant has other means of relief, if the slowness of an ordinary proceeding would be likely to cause such a delay as to hamper the administration of justice.

**4. Mandamus ☞151(1)—Alleged vendor is not necessary party to have affidavit of sale canceled of record.**

In proceedings for mandamus to compel the register of conveyances to cancel an affidavit filed of record claiming a contract by the owner of land to sell it to affiant, the alleged vendor of the land is not a necessary party.

**5. Appeal and error ☞1078(1)—Contention not argued is deemed abandoned.**

A contention not argued by appellant either orally or in the printed brief is assumed to have been abandoned.

**6. Mandamus ☞152—Making interested person a party does not defeat right to compel officer to perform duty.**

The fact that an interested adverse party was made a defendant as a matter of grace to afford her an opportunity to make any defense she might have had does not defeat relator's right to the summary remedy to compel the register of conveyances to perform his official duty.

**7. Mandamus ☞82—Issues to compel register of conveyances to cancel ex parte affidavit clouding title.**

The register of conveyances should have refused to record an ex parte affidavit claiming a contract for the purchase of land which cast a cloud upon the title of a purchaser whose contract was recorded prior to the affidavit, and mandamus was therefore a proper proceeding to compel him to cancel the affidavit notwithstanding the fact that the relator might have resorted to an ordinary suit for slander of title.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Petition by the State, on the relation of E. R. Braswell, for a writ of mandamus against Mrs. A. M. Hallam and others. From a judgment allowing the peremptory writ, defendant Hallam appeals. Affirmed.

Charles Carroll and W. O. Hart, both of New Orleans, for appellant.

A. D. Danziger, of New Orleans (P. H. Stern, of New Orleans, of counsel), for appellee.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

O'NIELL, J. This is a mandamus proceeding to compel the register of conveyances to cancel the inscription of an affidavit made by Mrs. A. M. Hallam and recorded at her instance. The affidavit, which is copied in relator's petition, is to the effect that one Leon Jacobs, on the 11th of November, 1919, accepted in writing an offer made by Mrs. Hallam to buy from him certain property described in the affidavit; that Jacobs refused to carry out his contract; and that Mrs. Hallam placed the affidavit on record as her claim to the property, intending to institute judicial proceedings therefor. Relator had a written contract with Jacobs for the purchase of the property, dated the 17th of November, which contract was recorded on the 18th of November, 1919. Mrs. Hallam's affidavit was recorded four days later. She did not record the written offer or acceptance mentioned in her affidavit, or any other contract, or written evidence of any claim upon the property.

In response to the rule to show cause why the affidavit should not be canceled, Mrs. Hallam filed three pleas or exceptions, viz.: (1) That relator had an adequate remedy at law, and that therefore the summary remedy by mandamus was not a proper remedy, to compel a cancellation of the affidavit; (2) that Leon Jacobs was a necessary party defendant in a suit to compel a cancellation of the affidavit; and (3) that relator's petition did not disclose a cause or right of action. At the same time, but as a separate document, Mrs. Hallam filed an answer to relator's petition. She denied that he was the

owner of the property, but admitted the facts which are set forth above. She repeated her plea or exception that relator had no cause or right of action, and prayed that the alternative writ of mandamus should be rescinded and that relator's demand should be rejected at his cost.

As the answer to the rule admitted all of the facts alleged in relator's petition, the case was submitted and decided on the pleadings, as it should have been. The writ of mandamus was made peremptory, and Mrs. Hallam has appealed.

[1] Her attorneys contend that only her exceptions to the proceeding were submitted for decision and that the court therefore should not have rendered judgment on the merits of the case. The entry on the minutes, of the hearing and submission of the case, was made thus:

"On exceptions; all counsel of record being present; when, after hearing the pleadings and arguments of counsel, the court took this matter under advisement."

The record therefore shows, substantially, that, inasmuch as the admissions in the answer to the rule left nothing for decision except the questions of law presented by the exceptions, the case was, very properly, submitted on the pleadings. There was no question of fact on which to hear evidence.

[2] The alternative writ of mandamus, according to article 841 of the Code of Practice, merely ordered the register of conveyances either to cancel the affidavit or to show cause why it should not be canceled. If he or Mrs. Hallam had given a sufficient reason why the affidavit should not have been canceled, relator's complaint, according to article 842 of the Code of Practice, should have been dismissed at his cost. But, according to article 843, when the judge considered the answer to the rule insufficient, it was his duty to issue the peremptory mandate, ordering the register of conveyances to cancel the affidavit. The summary method by which the judge disposed of this case was in strict accord with the provisions of the Code of Practice. If mandamus proceedings had to take the slow course of an ordinary suit, they would not afford the summary remedy and relief which they are intended to afford.

[3] There is no merit in appellant's plea or exception that, because relator might have resorted to an ordinary suit, he was not entitled to the summary proceeding by mandamus. Article 831 of the Code of Practice declares that a judge may, in his discretion, issue a writ of mandamus even when the complainant has other means of relief, if the slowness of an ordinary proceeding would be likely to cause such a delay as to hamper the administration of justice. If the recording of an ex parte affidavit, laying claim to another person's property, should compel that other person to resort to an ordinary suit for slander of title, there would be no end to such suits.

[4-6] The contention that Leon Jacobs was a necessary party to this proceeding is without merit. As the plea was not argued, either orally or in the printed brief filed by appellant's counsel, we assume that it has been abandoned. Mrs. Hallam was made a party defendant as a matter of grace, to afford her an opportunity to make any defense that she might have had. But the fact that she was made party to the proceeding is not a denial that relator was entitled to the summary remedy to compel the register of conveyances to perform his official duty. State ex rel. Macheca v. Dunn, Recorder of Mortgages, 148 La. 460, 87 South. 236.

[7] If Mrs. Hallam had placed on record the alleged acceptance in writing of the alleged offer on her part to buy the property of Leon Jacobs, and if it had been recorded before relator's contract was recorded, his only remedy would have been by an ordinary suit against Mrs. Hallam and Leon Jacobs. But

the register of conveyances should have refused to record the ex parte affidavit of Mrs. Hallam, which served no other purpose than to cast a cloud upon the title to the property. Mandamus was therefore the proper proceeding to compel the register of conveyances to perform his ministerial duty, to cancel the affidavit. State ex rel. Macheca v. Dunn, Recorder, 148 La. 460, 87 South. 236.

The judgment appealed from is affirmed at appellant's cost.

Rehearing refused by Division C, composed of Justices DAWKINS, ST. PAUL, and THOMPSON.