ROGERS, J.
 

 Relator is the owner of cer-
 

 tain real estate in the city of New Orleans, which he placed for sale with S. L. Jacobs, a real estate agent. On September 14, 1925, Naihan Rosenberg made a written offer to purchase the property for $9,200. On the sanie day the offer was accepted in writing by Jacobs on behalf of his principal. In Rosenberg’s proposition it was stipulated:
 

 “As soon as this offer is accepted in writing, I will deposit on account of the purchase price $920, which deposit is to be noninterest bearing and is not to be considered as earnest money; the parties hereto reserving the right to demand specific performance.”
 

 Rosenberg never made the deposit as stipulated, which fact coming to the knowledge of relator on October 14, 1925, he addressed a letter to Jacobs revoking his authority to sell the property and withdrawing his consent to the transaction with Rosenberg. On the same day Jacobs notified Rosenberg of relator’s action. Thereupon Rosenberg tendered the amount of the deposit to Jacobs, who refused it, and on the same day caused his offer of sale to be inscribed in the records of the conveyance office. Relator then brought this proceeding by mandamus to compel the register of conveyances and Rosenberg to erase the inscription.
 

 On the day fixed for the hearing in the court below, the register of conveyances made only a formal appearance. Rosenberg, however, appeared and filed exceptions of prematurity and of no cause of action. He also filed an answer and a demand in reconvention, in which he asked for specific performance of the agreement.
 

 There was a judgment ordering the cancellation of the inscription from the conveyance records and dismissing the reconventional demand. From this judgment respondent, Rosenberg, appealed.
 

 Appellant is not stressing before us the exception of prematurity. Under the exception of no cause of action, he contends that relator’s remedy is by direct action and not by mandamus. This contention is founded upon the familiar and general rule that mandamus lies only to enforce a purely ministerial duty. There is no merit in appellant’s exception.
 

 Because relator might have instituted
 
 *365
 
 a direct action is no reason why he is not entitled to proceed by mandamus. Code Prac. art. 831, provides that a judge may, in his discretion, issue a writ of mandamus even when the complainant has other means of relief, if the slowness of an ordinary proceeding would be likely to cause a delay which would hamper the administration of justice. See, also, Lanaux v. Recorder of Mortgages et al., 36 La. Ann. 974; State v. City, 148 La. 1045, 88 So. 392; State v. Hallam, 150 La. 922, 91 So. 298; State v. Jeter, 151 La. 1011, 92 So. 594. If the registry of an alleged contract by the owner of land to sell it to another person should compel that owner to resort to a direct action for the rescission of the contract, there would be no end to such lawsuits.
 

 The issue raised by the petition of the plaintiff and the demand in reeonvention of the respondent must be resolved in favor of the former. The posting of the deposit was a condition precedent to the effectuation of the agreement. Until it was made, there was no contract between the parties, and relator was at liberty to withdraw from the incompleted transaction.
 

 The requirement of the deposit was not a mere idle gesture. It was required by the prospective vendor as a guarantee of good faith on the part of the prospective vendee that said vendee would carry out his agreement. The purpose and.effect of such a stipulation is to insure prompt action on the part of a vendee in bringing about the execution of the formal act of sale and to prevent him from unduly delaying the completion of the transaction in order that he might utilize the delay in reselling the property at a profit, failing in which, and being judgment proof, he could default on his contract without any serious-,consequences to himself; in other words, to prevent, or at least to minimize, any loss which might be caused by the prospective vendee gambling or speculating with the prospective vendor’s property.
 

 Since the appellant never attempted to make the deposit called for in the proposition until relator, 30 days after it was made, had withdrawn therefrom, there is no contract extant that appellant is 'entitled to specifically enforce. See Young v. Cistac, 157 La. 771, 103 So. 100.
 

 Watson v. Feibel, 139 La. 375, 71 So. 585, cited by appellant, is not authority in this case. There the offer and acceptance of sale was completed, and the suit was for the dissolution of the contract. The court allowed the obligor a reasonable time for performance after the suit was filed. Here there is no contract to be dissolved, or for which time might be granted for compliance with its obligations.
 

 For the reasons assigned, the judgment appealed from is affirmed, at appellant’s cost.