BRUNOT, Justice.
 

 In this matter the relators filed a summary proceeding by petition and rule, for the cancellation upon the conveyance records of the parish of Caddo, La., of a certain oil and gas lease executed by J. B. French to the United Gas Public Service Company, of lessor’s undivided one-half interest in lots 1, 2, 3, and 4 of block 36 of the townsite of Rodessa, Caddo parish, La.
 

 The clerk answered the rule and declared his readiness to make the said cancellation, provided the judge of the court having jurisdiction ordered him to do so. The United Gas Public Service Company filed an exception of. no right and. no cause of action to the proceeding. In due time the matter was heard before Hon. T. F. Bell, district judge of Caddo parish, and judgment was rendered thereon, maintaining the exception of no right and no cause of action and dismissing the proceeding.
 

 Thereupon proper notice was given that application would be made to this court for writs of certiorari, prohibition, and mandamus. Thereafter the application was filed, and a writ of certiorari, coupled with a stay order, was granted and issued. In response to the writ the respondent judge alone filed a return thereto. In his return the judge denies articles 7, 13, 14, 15, 16, 17, and 18 of relators’ application, and admits the other articles thereof, except those which are alleged to be mere conclusions •of law. The respondent judge also alleges that the relators’ application contains true copies of all the pleadings, court minutes, etc., and it is not necessary to send up the original record.
 

 On the relators’ application and the judge’s return the ’matter is submitted to us for decision.
 

 At the outset we will say that, prior to the partition of the said lots, by licitation, and their adjudication to one not a party to the lease, the recorded instrument was a good and valid lease. It appears that the trial judge, for that reason, and because in his opinion the cancellation of such a lease involved a question of title to the leased property, held that the title thereto could not be inquired into by means of the extraordinary remedy of mandamus, and on that
 
 theory he
 
 maintained
 
 the
 
 exception filed by the United Gas Public Service Company and dismissed the proceeding. In support of the decision, counsel for United Gas Public Service Company cite and quote from many cases. Upon examination we find that the cited authorities do not apply to cases coming under the provisions of article 831 of the Code of Practice.
 

 The fact.that an oil and gas lease is one of servitude is no longer a debatable question in this state. This court has repeatedly held that such a lease merely clothes the lessee with the right to extract oil and gas that may be beneath the surface of the land. It has also held that in a partition suit between co-owners of land, if the partition is effected by licitation, as was done in this case, and the property is adjudicated to a third person, or to a co-
 
 *499
 
 owner who had not granted the servitude, the servitude, ipso facto, becomes extinct. Article 741 of the Civil Code is as follows:
 

 “If in the suit for a partition it be determined that the estate be disposed of by licitation, and he who has granted the servitude becomes owner of the whole, the servitude then exists on the whole estate, as if he had always been the sole owner.
 

 “But if by the licitation the estate be adjudicated to any other of the coproprietors, the servitude becomes extinct, and the person who granted it is bound to return the price he received for it.”
 

 In the case of State ex rel. Bond v. Register, 162 La. 362, 110 So. 559, 560, this court said:
 

 “Because relator might have instituted a direct action is no reason why he is not entitled to proceed by mandamus.”
 

 In support of that conclusion the court cited Code Prac. art. 831, and numerous authorities.
 

 The case before us presents a much stronger reason for maintainnig relators’ right to proceed by mandamus than was presented in State ex rel. Bond v. Register. Here, the recordation of a legally extinct servitude, not upon the land itself, is sought to be canceled by a third person, who acquired the property at a sale thereof to effect a partition of it among its co-owners.
 

 For the reasons stated, it is decreed that the writ of certiorari issued herein be, and it is hereby, perpetuated. It is further decreed that the judgment maintaining the exception of no right and no cause of action in this matter be, and it is hereby, avoided and reversed. It is further decreed that the writ of mandamus issue herein directed to the Honorable T. F. Bell, Judge of the First judicial district court of Louisiana, commanding him to reinstate the case of State ex rel. Bryan E. Bush et al. v. United Gas Public Service Company et al., No. 68802 of the First judicial district, on the docket of said court, and in due course to assign and try said case.
 

 It is further decreed that the United Gas Public Service Company be taxed with the costs of this proceeding.