198 So. 890

STATE ex rel. HYMEL'S HEIRS v. JOHNESS, Inc., et al.

No. 34920.

Nov. 4, 1940.

Melvin P. Barre, of New Orleans, for appellant.

John C. Hollingsworth and Lubin F. Laurent, both of New Orleans, and Lucien J. Troxler, of Reserve, for appellees.

O'NIELL, Chief Justice.

This is a mandamus suit to compel the recorder of conveyances to cancel from his records a contract in which the plaintiffs agreed to sell to Johness, Incorporated, a tract of land owned by the plaintiffs in St. Charles parish. The suit was brought against Johness, Incorporated, and the recorder. When the contract was made the land belonged jointly to the plaintiffs and their mother. She died after making the contract, and the plaintiffs were recognized as her heirs and were sent into possession of the property by a judicial decree. The contract consisted of a written option, granted by the plaintiffs and their mother, and a written acceptance by Johness, Incorporated. The price and terms of the sale· were stipulated in the option. Johness, Incorporated, recorded the option and the acceptance promptly in the conveyance records, and at the same

time deposited 10 per cent. of the stipulated price with the notary public named in the option. The plaintiffs set forth all of these facts in their petition, and annexed to the petition a copy of the option and of the acceptance by Johness, Incorporated. The plaintiffs alleged that they and their mother were ready at all times during the time stipulated in the option to carry out the agreement by making the transfer to Johness, Incorporated, but that they never received any notice that the sale was to be made on any particular date or at any particular time, or before any particular notary public, and hence that the option had expired and become forfeited.

The prayer of the petition was that a writ of mandamus should be issued, directed to Johness, Incorporated, through its proper officer, and to Irby T. Baudouin, Recorder of Conveyances for the Parish of St. Charles, commanding them to cancel and erase from the conveyance records the inscription of the option and of its acceptance, or to show cause to the contrary at such date and time as the court might appoint. The plaintiffs prayed for all general and equitable relief. But there was no demand or prayer for annulment of the contract.

The judge issued an ex parte order granting an alternative writ of mandamus, as prayed for, returnable on a date and at a time appointed by the judge,—the time being seven days from the date of the order.

Johness, Incorporated, filed an exception of no cause or right of action, pleading specifically that the plaintiffs had no right to proceed by the summary process, or by mandamus, or without bringing an ordinary suit to annul the contract. The judge overruled the exception and Johness, Incorporated, excepted to the ruling, and then pleaded that the allegations of the petition were not sufficient to set forth a cause of action, and at the same time filed an answer to the alternative writ of mandamus, or rule to show cause. In the answer, Johness, Incorporated, admitted the signing and recording of the contract, averred that the corporation was always ready and willing to carry out the contract and had so notified the plaintiffs promptly and repeatedly in writing, and hence denied being in default. In the answer, Johness, Incorporated, reserved the right to sue for specific performance of the contract, and again pleaded that the plaintiffs had no right to proceed by mandamus, or by the summary process, to cancel the contract. The case was heard on its merits and judgment was rendered in favor of the plaintiffs, making the writ of mandamus peremptory, ordering the defendants to cancel and erase the contract from the conveyance records, and ordering the 10 per cent. deposit returned to Johness, Incorporated. Johness, Incorporated, is appealing from the decision.

The defendant's plea that the plaintiffs had no right to proceed by mandamus, or by the summary process, to cancel the contract from the conveyance records, without first bringing an ordinary suit to annul the contract, was well founded. The right of a litigant to invoke the summary process is limited to incidental proceedings in a matter already pending in court, or to cases in which the summary

process is expressly allowed by law. Thomas, Administrator, v. Bourgeat, Executor, 6 Rob. 435, 437; Copley v. Conine, 3 La. Ann. 206; Baker v. Doane, 3 La.Ann. 434; Sumner v. Dunbar, 12 La.Ann. 182; Nolan's Heirs v. Taylor, 12 La.Ann. 201; Mussina v. Alling, 12 La.Ann. 799; Sharp v. Bright, 14 La.Ann. 390; Fischel v. Mercier, 32 La.Ann. 704; Succession of Jamison, 108 La. 279, 32 So. 381; Succession of Gary, 120 La. 1028, 46 So. 12; Calcasieu Building & Loan Association v. Goudeau, 182 La. 247, 161 So. 599. In the latter case the facts were almost exactly as they are here,—so much so that it is impossible to reconcile that decision with the ruling which the defendant complains of in this case.

The plaintiffs cite the following decisions to support their right to proceed by mandamus: Lanaux v. Recorder of Mortgages, 36 La.Ann. 974; State ex rel. Board of Commissioners of Buras Levee District v. N. A. Baker & Son, 146 La. 413, 83 So. 693; State ex rel. Macheca v. Dunn, Recorder of Mortgages, 148 La. 460, 87 So. 236; State ex rel. Newcomb Realty Co. v. City of New Orleans, 148 La. 1045, 88 So. 392; State ex rel. Braswell v. Hallam, 150 La. 922, 91 So. 298; State ex rel. W. K. Henderson Iron Works & Supply Co. v. Jeter, Tax Assessor, 151 La. 1011, 92 So. 594; State ex rel. Bond v. Register of Conveyances, 162 La. 362, 110 So. 559; State ex rel. Violet Trapping Co. v. Grace, Register of Land Office, 182 La. 405, 162 So. 26; State ex rel. Bush v. United Gas Public Service Co., 185 La. 496, 169 So. 523.

The cases cited by the plaintiffs are distinguishable from the case of Calcasieu Building & Loan Association v. Goudeau and from the present case. For example, in Lanaux v. Recorder of Mortgages, a proceeding by mandamus was held to be the proper proceeding for canceling a mortgage when only a small balance of the debt appeared to remain unpaid and was more than twenty years past due, and was perempted and apparently prescribed.

In State ex rel. Board of Commissioners of Buras Levee District v. N. A. Baker & Son, mandamus was used to cancel a contract which the board had made without authority in law and the carrying out of which was made impossible by a subsequent statute. Even so the court modified its decree by holding that the board had the right to proceed by mandamus only so far as it was necessary to remove the cloud upon its title to the land, but that the other rights of the parties could not be determined in that proceeding, and should be reserved.

In State ex rel. Macheca v. Dunn, Recorder of Mortgages, the court sanctioned a proceeding by mandamus to cancel a judgment for alimony rendered by a New York court. It was held that the recorder of mortgages should not have recorded the judgment, not only because it was not made executory in this state, but also because the document which was given to him for registry, purporting to be a copy of the judgment, was not attested or certified as a true copy.

In State ex rel. Newcomb Realty Co. v. City of New Orleans, mandamus was

used to compel the cancellation of an invalid pavement lien, and the right to proceed by mandamus instead of some other process was not questioned.

In State ex rel. Braswell v. Hallam, mandamus was held to be the right remedy for compelling the cancellation from the conveyance records of an affidavit which Mrs. Hallam had made and placed on record, declaring that she had a contract with one Leon Jacobs to sell to her certain property which he owned and had agreed to sell to her. We said that the recorder had no right to record such an affidavit and hence that it was his official duty to cancel it on the demand of the relator or the owner of the property. But we said also [150 La. 922, 91 So. 300]:

"If Mrs. Hallam had placed on record the alleged acceptance in writing of the alleged offer on her part to buy the property of Leon Jacobs, and if it had been recorded before relator's contract was recorded, his only remedy would have been by an ordinary suit against Mrs. Hallam and Leon Jacobs."

In State ex rel. W. K. Henderson Iron Works & Supply Co. v. Jeter, Tax Assessor, mandamus was held to be the right method of compelling the assessor to correct an assessment where the property of the relator was exempted from taxation after the assessment rolls were completed. The court cited statutes which made it the duty of the assessor to cancel the assessment in such a case.

In State ex rel. Bond v. Register of Conveyances, the court sanctioned the proceeding by mandamus to compel the cancellation of an offer to buy certain real estate, on the ground that the defendant, in his offer to buy the property, promised to deposit $920, being 10 per cent. of the price offered, as soon as the offer would be accepted, but neglected to make the deposit, and the relator therefore withdrew his acceptance. In that case, therefore, there was no contract for the sale of the property. In the course of the opinion rendered in the case the court paraphrased this statement in State ex rel. Braswell v. Hallam,—viz.:

"If the recording of an ex parte affidavit, laying claim to another person's property, should compel that other person to resort to an ordinary suit for slander of title, there would be no end to such suits."

But, in State ex rel. Bond v. Register of Conveyances, the court extended the rule, thus [162 La. 362, 110 So. 560]:

"If the registry of an alleged contract by the owner of land to sell it to another person should compel that owner to resort to a direct action for the rescission of the contract, there would be no end to such lawsuits."

In the phrase "an alleged contract" the court had reference to that which was not in truth a completed contract. Hence the ruling in the Bond case is not to be considered a departure from the doctrine that a summary proceeding by mandamus is not an appropriate proceeding by which to cancel a contract for the sale of real estate.

In State ex 'rel. Violet Trapping Co. v. Grace, Register of the Land Office, the relator attempted by mandamus and injunction to prevent a redemption of lands which had been sold to the State for taxes and which had been leased afterwards to the relator. The complaint of the relator was that the law which purported to authorize the tax redemption impaired the obligation of the contract of lease and was therefore unconstitutional. The court decided otherwise and rejected the relator's demand. Hence the overruling of the exception to the method of procedure, by the judge of the district court, which was copied in the opinion delivered by this court, is not important. The case was not at all like the present case.

In State ex rel. Bush v. United Gas Public Service Co. the court allowed a proceeding by mandamus to compel the cancellation of an oil and gas lease which had been granted by the owner of only a half interest in the land and which had become extinguished by a sale of the land, in a partition suit, to one who had not granted the lease. The decision in that case was not a departure from the rule that a summary proceeding, or proceeding by mandamus, is not available for the cancellation or annullment of a contract for the sale of real estate.

The judgment is annulled, the defendant's exception to the method of procedure is sustained, and the plaintiffs' suit is dismissed as in case of nonsuit, at their cost.

198. So. 893