Relator instituted these proceedings for writs of mandamus, directed against the clerk of court of Natchitoches Parish and the Sinclair Refining Company, for the purpose of procuring the cancellation and erasure of a certain ground lease dated February 25, 1941, and recorded in Mortgage Book 183, Folio 471, of the Records of Natchitoches Parish, Louisiana.
Respondent, Sinclair Refining Company, filed a motion to dismiss, exceptions of no cause and no right of action, and an answer, reserving all rights under the motion and exceptions. The trial court referred the motion to dismiss to the merits, despite objection of respondent's counsel. The exception of no cause of action was overruled, and the exception of no right of action, together with a plea of estoppel, which was included therein, was also referred to the merits.
Respondent's counsel reserved bills of exception to the action of the trial Judge in referring the motion to dismiss, the exception of no right of action and the plea of estoppel to the merits, and has carefully preserved, and continued to urge, all rights thereunder.
Trial of the rule was had on June 21, 1945; the opinion of the Court was given on September 10, 1945, and, the following day, judgment was signed making the alternative writ of mandamus peremptory, and ordering the cancellation and erasure of the lease described from the records of Natchitoches Parish, Louisiana. From this judgment respondent, Sinclair Refining Company, prosecutes this appeal.
The facts which are pertinent to a consideration of the issues before us are undisputed, as follows:
A certain triangular plot of ground, upon which was located a filling station with the usual equipment appertaining thereto, in the village of Clarence, Natchitoches Parish, Louisiana, at the intersection of highways No. 71 and No. 6, was acquired by Sam Hicks and Mercer Scott from Wood Breazeale by duly recorded act of conveyance dated November 4, 1940.
By instrument dated March 16, 1942, Sam Hicks acquired the undivided one-half interest owned by Mercer Scott in the said property, and by instrument of date February 24, 1944, filed and recorded the same date in Book 193, Conveyance Folio 175, in the Records of Natchitoches Parish, Louisiana, Sam Hicks conveyed the property to C.C. Winn, relator herein.
On May 9, 1944, more than two months after the execution and recordation of the *Page 545 
deed of conveyance last above noted, a lease covering the property involved in this cause was filed and recorded in Mortgage Book 183, Folio, 471, of the Records of Natchitoches Parish, Louisiana. In this lease, which bears date of February 25, 1941, Sam Hicks and Mercer Scott appear as lessors, and respondent, Sinclair Refining Company, as lessee. By its provisions the lease became effective March 1, 1941, for a primary term of five years, with the right of renewal, at the option of lessee, at any time during the primary term for an additional term of five years. It is this lease which relator seeks to have canceled from the records of Natchitoches Parish, Louisiana.
Respondent's motion to dismiss is directed at the point that relator is without legal right to invoke the summary process of mandamus. The exceptions of no cause and no right of action are based upon the contentions that relator is in fact a sublessee under the instrument of lease referred to, holding as a subtenant of Sinclair Refining Company, the lessee of the property, and, as a consequence, is not acting in good faith as a purchaser relying upon the public records, and, further, that relator is estopped from claiming adversely to his lessor by reason of his occupancy of the premises under a written agreement of sublease.
[1] Examination of the pleadings convinces us that the Judge of the trial Court properly referred the motion to dismiss, the exception of no right of action, and the plea of estoppel to the merits, since proper disposition of these pleas could only be made after consideration of questions of fact raised therein, and, for this reason, we find no merit in respondent's objection to the rulings complained of in this connection.
No issue has been made before this Court, in argument or by brief, as to the action of the trial Court in overruling the exception of no cause of action, the arguments of the respondent's counsel being aimed at the disposition of the motion to dismiss and the exception of no right of action.
On behalf of respondent, counsel strenuously and ably argues that relator is without right to proceed by summary process for the purpose of declaring the lease at issue a nullity, and we proceed first to deal with this contention.
The relief prayed for in relator's petition is set forth as follows:
"Wherefore, the premises and annexed affidavit considered, relator prays that an alternative writ of mandamus issue herein, directed to Sinclair Refining Company and B.S. Swett, Clerk of Court for Natchitoches Parish, commanding them, and each of them, to cancel and erase in full that certain null, void and illegal lease given by Sam Hicks and Mercer Scott to Sinclair Refining Company, dated February 25, 1941, as and where it appears of record in Mortgage Book 183, Folio 471, Records of Natchitoches Parish, Louisiana, or to show cause to the contrary on such a day and at such an hour as the Court may appoint.
"Relator further prays for all costs and for all equitable and general relief, etc."
The decree embodied in the judgment rendered by the lower Court reads as follows: "Ordered, adjudged and decreed that the alternative writ of mandamus herein issued be made peremptory, and, accordingly, that there be judgment herein in favor of the relator, C.C. Winn, and against the respondents, Sinclair Refining Company and B.S. Swett, Clerk of Court for Natchitoches Parish, Louisiana, commanding them and each of them to cancel and erase in full that certain lease given by Sam Hicks and Mercer Scott to Sinclair Refining Company, dated February 25, 1941, as and where it appears of record in Mortgage Book 183, Folio 471, records of Natchitoches Parish, Louisiana."
It is to be observed that the prayer of relator's petition does not seek a judgment declaring the lease a nullity. It is true that it refers to the lease as "null, void and illegal", but these words are mere surplusage. In effect, the only relief which relator seeks is the cancellation from the records of an instrument of lease which was not timely recorded prior to the recordation of deed vesting title to the leased property in him. The judgment of the Court is in accord with the relief sought. It does not declare the lease a nullity, but simply orders the cancellation and erasure of the instrument from the public records.
[2] We are thoroughly sensible of the force of counsel's argument that summary process may not be invoked in lieu of an ordinary action of title, but we think that relator is within his rights in invoking summary process for the purpose of effecting *Page 546 
relief of the nature he seeks in this action.
Article 2266 of the Civil Code declares, in so many words, that all unrecorded sales, contracts and judgments affecting immovable property shall be utterly null and void except between the parties thereto.
Under Article 830 of the Code of Practice an applicant is entitled by right to the issuance of writs of mandamus in those instances where the law has assigned no relief by ordinary means. Article 831 vests discretion in the judge, even where there are other means of relief, to issue the order if ordinary legal procedure would entail a delay detrimental to the public good and the administration of justice.
The procedure by writs of mandamus to compel the erasure and cancellation from the records of instruments affecting real property is too well established, and recognized, to need citation. Nor does respondent complain, though he does not concede in this instance, of the right of relator to proceed by this means for the sole purpose of procuring the cancellation and erasure, but he contends that relator, in effect, is attempting to procure a judgment declaring the lease a nullity. In view of the prayer of relator's petition, and the judgment actually rendered in response thereto, as quoted above, we cannot subscribe to the applicability of this claim.
It may very well be true that there is reasonable ground for respondent's fear that the cancellation of the instrument, here in question, from the records will, from a practical standpoint, effect the nullity thereof, but such a conclusion is simply an incident of the litigation, which does not bear upon the initial right of the relator to proceed by summary process for the purposes advanced in his pleadings.
[3] As we view the matter, relator has an absolute right to seek to have expunged from the records an instrument of lease executed between other parties and recorded subsequent to the act of conveyance by which he became the owner. Exercise of this right has no bearing upon other rights between the parties and the exercise and enforcement thereof. Authority for this conclusion is found in the case of State ex rel. Board of Commissioners of Buras Levee District v. N. A. Baker and Son et al., 146 La. 413, 83 So. 693, in which the Court granted the relief sought by mandamus, but reserved to all parties the right to proceed, via ordinaria, for the determination of all rights under the contract.
We think the case of State ex rel. Hymel's Heirs v. Johness, Inc., 196 La. 159, 198 So. 890, cited in support of respondent's contention, is clearly distinguishable from the case at bar on the ground that the cited case involved the question of the exercise of the right of mandamus to procure the cancellation of a contract to which the relators were a party. The same distinction is noted in the facts involved in Calcasieu Building Loan Association v. Goudeau et al.,182 La. 247, 161 So. 599.
The facts in this case bring it under the doctrine enunciated in Lanaux v. Recorder of Mortgages, 36 La. Ann. 974, and Bush, State ex rel., v. United Gas Public Service Co., 185 La. 496,169 So. 523. In the latter case the Court allowed a proceeding by mandamus to effect the cancellation of an oil and gas lease which had been granted by an owner of an undivided interest, whose ownership had been extinguished by a sale of the land, through partition, to one who had not been a party to granting the lease.
For these reasons, we conclude that respondent's motion to dismiss was properly overruled.
The argument in support of respondent's exception of no right of action advances the well established and well recognized rule that one holding possession as lessee cannot question the title of the lessor nor change the character of his possession.
[4, 5] It is quite true that a lessee cannot dispute his lessor's title so long as he continues in possession under the character of lessee, and further that such a one cannot change the character of his possession and attempt to possess for himself, although he may be the real owner. But, this rule yields, in the instant case, to the fact which was regarded as established on trial, and in which finding of the lower Court we concur, that the relator at the time of the institution of this action did not possess by reason of his status as lessee from the respondent as lessor. The facts established on trial of the merits, to which the exception was referred for determination, clearly show that while relator did occupy the property for a period of time under an agreement of sublease, he had terminated said agreement by action taken in accordance with the provisions thereof.
[6, 7] As to the plea of estoppel, it is well established that intent to acquiesce in *Page 547 
the continuance of an existing condition must be shown, and no such showing is made in this case. On the contrary, the record abundantly sustains relator's contention that he did not acquiesce in the recognition of the lease, nor did he continue in possession as sublessee thereunder. The agreement as between respondent and relator provided that it could be terminated by either party through written notice of such intention, communicated prior to the expiration of any six-month term. Notice of the intent to terminate, in accordance with this provision, was timely given by the relator to the respondent; the six-month period expired June 10, 1945, and this suit was filed the following day.
[8] Some attempt was made to establish relator's knowledge of the existence of the lease which is sought to be canceled from the record, but, unquestionably, any knowledge of this character was acquired de hors the record, and, consequently, did not affect relator's status as a third party purchasing on the faith of the public records.
For the reasons assigned, the judgment appealed from, ordering the cancellation and erasure from the records of the instrument of lease described, is affirmed, at appellant's cost.