73 So.2d 458

**CARLSON v. EWING.**

No. 41223.

April 26, 1954.

Rehearing Denied May 31, 1954.

E. A. Parsons, New Orleans, for defendant in rule-appellant.

James G. Schillin, J. Richard Reuter, Jr., New Orleans, for plaintiff-appellee.

LE BLANC, Justice.

This is an appeal from a judgment rendered on a rule to cancel an inscription and erase same from the public records.

Presley K. Ewing, plaintiff-in-rule, is a judgment creditor of Charles C. Carlson. On March 9, 1950, he filed a proceeding, by petition and citation, against Charles C. Carlson, the WJBW Radio & Broadcasting Company, Inc., and Clare H. Grehan, seeking to have certain recorded mortgages and acts of sale declared simulations and to have certain property affected thereby to be declared the property of his judgment debtor, Charles C. Carlson, and subject to seizure and sale. On the following day he recorded in the Mortgage Office of Jefferson Parish a notice of lis pendens affecting the particular property involved.

On November 11, 1951, WJBW Radio & Broadcasting Company, Inc., sold the particular property to Mrs. Marie Felicia Carlos Felipez, wife of Charles C. Carlson. Mrs. Carlson stated in the act that she was purchasing the property as her separate and paraphernal property with separate and paraphernal funds.

On November 13, 1951, judgment was rendered in the suit filed by him on March 9, 1950, in favor of Presley K. Ewing and against the defendants named therein declaring certain mortgages and conveyances to be simulations, and declaring the property to be that of Charles C. Carlson and subject to sale and seizure under the judgment held by Ewing. It was further ordered that the mortgages be cancelled and erased from the mortgage records.

On August 12, 1952, Presley K. Ewing filed in the same proceeding a rule to cancel and erase a mortgage bearing on the same property in favor of Mrs. Louise Calamari Carlson, Carlson's former wife, and to cancel and erase the act of sale of the same property of November 11, 1951 from WJBW Radio & Broadcasting Company, Inc., to Mrs. Marie Carlson, his present wife. In his rule to show cause, Ewing alleged that he became adjudicatee of that particular property by virtue of a seizure and sale under a writ of execution and that these inscriptions were acting as clouds on his title and were preventing the Sheriff from delivering to him a clear and unencumbered title. He alleged that the mortgage should be cancelled for the reason that it was not a true mortgage, said Charles C. Carlson never having been indebted to his wife, Mrs. Louise Carlson. He alleged that the conveyance should be cancelled for the reason that a notice of lis pendens had been recorded against said property and that the outcome of the suit was to declare the property to be that of Charles C. Carlson and to declare the title of WJBW Radio & Broadcasting Company to be not real, but simulated; that therefore said Radio Company had no title to transfer, all to Mrs. Marie Carlson's knowledge.

Mrs. Marie Carlson filed two exceptions to the rule to cancel the inscriptions; one,

that of no cause or right of action, and the other that she was not a party to the main proceeding; that she was the lawful owner of the property by authentic act, that she could not be brought into the proceeding by summary process, and that her title can only be attacked by direct action, The exceptions were overruled.

A motion for a suspensive appeal was then made but the appeal was denied. Writs were applied for in this Court but were refused on the grounds that this Court would not interrupt proceedings in the district court on an interlocutory order or judgment when no irreparable injury is made to appear.

Mrs. Marie Carlson then made application for a jury trial on the rule to cancel the inscriptions. A jury trial was denied. She then applied to the United States District Court for the Eastern District of Louisiana for removal of the action based on the alleged Federal question of her right to a jury trial on the rule. The record shows that the cause was remanded to the Civil District Court for the Parish of Orleans on motion of Presley K. Ewing. Writs were applied for in this Court, but were refused on the ground that this Court found no error in the ruling of the lower court denying a trial by jury.

Mrs. Carlson then filed her answer to the rule in which she reiterated her exceptions, denied for the most part the allegations of the rule, and averred that as she was not a party to the original proceeding she could now, and does now, attack the validity of all proceedings heretofore taken against the alleged debtor, Charles C. Carlson.

The rule was then heard and on January 30, 1953, judgment was rendered in favor of Presley K. Ewing ordering the Recorder of Mortgages of Jefferson Parish to cancel and erase from his records the inscription of the act of sale by WJBW Radio & Broadcasting Company to Mrs. Marie Carlson. The judgment also ordered the Recorder of Mortgages for the Parish of Orleans to cancel, by the consent, in open court of Mrs. Louise Carlson, the mortgage in her favor.

Mrs. Marie Carlson took a suspensive appeal from the judgment rendered against her on the rule and on this appeal she reurges her exception to the form of procedure, contending that summary process was not available to plaintiff-in-rule to attack an act of sale by authentic act as being fraudulent or simulated. She reurges her demand for a jury trial, contending that under Article 1976 of the LSA–Civil Code, she has the right to controvert the original demand of the creditor, in the same manner that the debtor might have done before the judgment, and that such right includes the right of a trial by jury. She contends that she is not bound by the judgment rendered between Ewing and Carlson as she was not a party to those proceedings, and cannot be made so by rule. Finally, she attacks the validity of the lis pendens, as the copy

which was introduced into evidence during the hearing on the rule was not signed. She contends that the lack of signature on the copy introduced in evidence has the effect of giving her no notice of the pendency of the proceedings affecting title to the property as of the time she purchased.

■ As the rights of the appellant are affected by the existence of a valid notice of lis pendens, it becomes necessary to first consider appellant's objection to the copy of the notice contained in the record. The copy, the same one that was introduced in evidence below, is a carbon copy of the original filed with the Recorder of Mortgages of Jefferson Parish. It is not signed. It is accompanied by a notice from the Recorder's Office to the effect that the notice of lis pendens filed March 10, 1950, was recorded in M.O.B. 174, Folio 560. At the time this copy and certificate of recordation was introduced into evidence, appellant made no objection to the form of the evidence, that it was not signed or certified. She did at that time reiterate a general objection made at the beginning of the trial to any and all evidence for the reason, as she contended, that summary process was not available. Her objection to the *form* of the offer comes for the first time on appeal.

In the case of Miles Planting and Manufacturing Co. v. Ware, 142 La. 1026, 78 So. 104, 108, an objection to the form of an instrument introduced in evidence was made for the first time on appeal. The objection was that the document introduced was only a typewritten copy and that the record did not contain any proof of its genuineness, any proof that it had actually been signed by the persons whose names appeared thereon. When the document was introduced, there was only a general objection as to the relevancy of the offer. This Court refused to consider the special objection, holding that "The proper time and place to have made those objections was when the documents to which they refer were offered in evidence on the trial in the district court * * *." The syllabus by the Court in that case reads:

"The objection that a document offered in evidence is not what it purports to be should be made at the time of the offer; it comes too late when made in argument on the · appeal to this court."

The ruling is based on the long settled practice of this Court to the effect that documents received in evidence in the lower court without objection, and only objected to on appeal, will be given full effect. Pannell v. Coe, 1 Mart.,N.S., 614; City of New Orleans v. Congregation Dispersed of Judah, 15 La.Ann. 389 and McCloughry v. Finney, 37 La.Ann. 27.

The documents offered below without objection were offered in support of the allegations of plaintiff's rule that a lis pendens was recorded at the time the appellant purchased the property affected thereby. This court cannot now hear objections as to the existence of the notice.

■ This brings us to consider appellant's contention that summary process was not available to annul her purchase by authentic act; that under Article 1976 she is entitled to a direct action against her, allowing her to controvert the judgment rendered against her vendor, and entitling her to a jury trial. If this were an action to annul a sale made in fraud of the creditor's rights then Article 1976 would be applicable. However, this is not such an action, but is rather in the nature of a mandamus proceeding to have an inscription cancelled and erased from the public records; an inscription which plaintiff-in-rule contends is purely specious and fictitious.

This summary method of cancelling inscriptions that are without color of right is sanctioned under Article 831 of the Code of Practice as frequently held by decisions of this Court. That article gives the judge the right, in his discretion, to issue a writ of mandamus even when the complainant has other means of relief "if the slowness of an ordinary proceeding would be likely to cause such a delay as to hamper the administration of justice." The ruling is based on the ground that if a person should be compelled in every instance to resort to an ordinary suit for slander of title against another who records an unwarranted instrument laying claim to his property, there would be no end to such suits. See State ex rel. Braswell v. Hallam, 150 La. 922, 91 So. 298, 300; State ex rel. Bond v. Register of Conveyances, 162 La. 362, 110 So.

559; State ex rel. Bush v. United Gas Public Service, Inc., 185 La. 496, 169 So. 523.

Article 2453 LSA–C.C., provides as follows:

"The thing claimed as the property of the claimant can not be alienated pending the action, so as to prejudice his right. If judgment be rendered for him, the sale is considered as a sale of another's property, and does not prevent him from being put in possession by virtue of such judgment."

The law does not intend that a successful plaintiff in the pending action need resort to a direct action to cancel the recordation of an alienation made in contravention of this article. The alienation and recordation is of no effect as against a successful plaintiff, and summary process is available to have the recordation cancelled and erased from the public records.

For the reasons assigned the judgment appealed from is affirmed at the costs of the appellant.

McCALEB, Justice (dissenting in part).

I am in agreement with the ruling that Ewing is entitled to proceed summarily against Mrs. Carlson for the cancellation of the sale to her by WJBW Radio & Broadcasting Company. However, I seriously question the correctness of the conclusion that Mrs. Carlson is foreclosed from asserting the invalidity of the unsigned purported certified copy of the lis

pendens because her counsel did not specially object to its admission in evidence.

The gravamen of Ewing's case is that the purchase by Mrs. Carlson should be annulled because he, as a judgment creditor of Carlson in the sum of $23,079.68, had recorded a lis pendens affecting the property and that, therefore, all persons dealing with it thereafter were put on notice of his claim and acted at their peril.

LSA-R.S. 13:3541 provides that the pendency of an action in any court affecting the title of immovable property shall not be construed as notice to third persons not parties to the suit "unless a notice of pendency of such action shall have been made, filed or registered, in compliance with R.S. 13:3541 through 13:3543."

LSA-R.S. 13:3542 prescribes that the notice of lis pendens shall be in writing and, among other things, "signed by the plaintiff or his attorney * * *."

Hence, it is obvious that an unsigned lis pendens, which is certified by a Clerk of Court to be the lis pendens filed in his office, is utterly ineffectual as to third persons because it does not conform to the requirements of law. But, despite this, the court holds that Mrs. Carlson cannot complain because her counsel failed to object to its admission in the trial court. In other words, her failure to object is employed as a means of validating the legality of the lis pendens and the unsigned document is now treated as though it were signed.

It seems clear to me that, if Mrs. Carlson had permitted judgment to go against her by default and subsequently appealed therefrom, we would be bound to reverse the decision, in view of Ewing's failure to submit proof of a signed lis pendens. This being so, I cannot perceive how Ewing's position on this appeal is enhanced because Mrs. Carlson's counsel did not object to the admission of the unsigned copy of the lis pendens in evidence. Indeed, if counsel had objected to the admission of the document, it would have been proper to overrule his objection in view of the certificate of the Clerk of Court of Jefferson Parish that the attached act was the lis pendens recorded in his office.

Nor does the case of Miles Planting & Manufacturing Co. v. Ware, 142 La. 1026, 78 So. 104, sustain the majority view. That was a petitory action wherein a certain instrument, purportedly executed by Wilkinson and Thomas, was offered in evidence. On appeal, plaintiff, for the first time, assailed the admission of the instrument on the ground that it had not been acknowledged by the parties, either before or after registry, and that there was no proof in the record that it was actually signed by the persons whose names appeared on it. The court properly ruled that this objection (that the document was not what it purported to be) should have been made in the lower court and came too late during argument on the appeal.

The distinction between that case and this one is very plain to me. There, the instrument, duly signed and purporting to be the act of the parties, was admitted without objection and the court simply held that it was too late, after its admission, to question its authenticity. Here, we are asked to affirm a judgment setting aside an act of sale because it was confected subsequent to the recordation of a lis pendens affecting the property. In proof of his demand, it was incumbent on Ewing to exhibit that his lis pendens conformed to the law. Manifestly, the issue here does not pertain to the admissibility of the purported lis pendens; it has to do solely with its legal effect; its sufficiency or insufficiency to support Ewing's demand.

During oral argument, counsel for Ewing stated that, as a matter of fact, the lis pendens recorded in Jefferson Parish was signed by them and they have attached to a supplemental brief a photostatic copy, duly certified by the Clerk, bearing out their statement. In these circumstances, I believe that the ends of justice would require the case to be remanded for the purpose of giving counsel an opportunity of supplementing their proof. Of course, the document attached to the brief could not be considered as this court cannot receive evidence on appeal, except for the purpose of determining questions of fact affecting its own appellate jurisdiction. Section 10, Article 7 of the Constitution.