PONDER, Justice.
In this suit the plaintiff is seeking to recover from the defendant the sum of $4,088 alleged to be due under the terms of a contract entered into between the parties on July 17, 1952. The defense to the suit is to the effect that the contract is not binding because it was dependent upon a suspensive condition that did not occur. On trial the lower court gave judgment in favor of plaintiff for the amount claimed and the defendant has appealed.
It appears that the defendant, a building contractor, entered into negotiations with a Mr. Kelly with the view of securing FHA loans and interim financing for the purpose of erecting a housing proj ect. Mr. Kelly, it seems, was not in a position to secure the FHA commitments but was interested in securing the interim financing. Mr. Kelly and the defendant contacted the plaintiff with the view of obtaining the FHA loans. After some discussion, the defendant applied in writing to the plaintiff, a broker engaged in the business of securing mortgage loans on real estate, to secure certain FHA loans. After further negotiations, the plaintiff submitted a counter proposition relative to the securing of the loans, in writing which was accepted by the defendant on July 17, 1952. This counter-proposition and acceptance is the contract under which the plaintiff seeks to recover the $4,088 and reads as follows:
“July 17, 1952
“Mr. Roy O. Rittiner New Orleans, Louisiana
“In Re: FHA Applications Melia Subdivision
“Dear Mr. Rittiner:
“Beg to advise that we have received an-approval from the John Hancock Mutual Life Insurance Company of Boston, Massachusetts, on 38 FHA applications covered by the attached list. These commitments are available for those amounts shown in the attached list for either qualified purchasers to whom you may sell houses or to-yourself as Operative Builder for the lesser amount and in accordance with the following provisions.
“Approval of these loans is subject to the following conditions:
“1. Compliance by you with all Federal credit controls on completion.
*1077 “2. Approval upon completion by the FHA and insurance by the FHA of each individual loan.
“3. Not more than ten loans shall be •closed in your name and be outstanding at any one time.
“4. You are to deposit with us the sum ■of $4088 in cash which represents 1% of the ■total amount of loans available to approved ■purchasers. All FHA approved purchasers -are to pay a fee of 1% of the amount of ■their individual loans as loans are closed, .and we agree to credit this amount to your deposit as collected by us.
“5. Should any or all of the houses not be built or should any or all of the houses not be sold to purchasers acceptable to FHA .and John Hancock Mutual Life Insurance Company, or should you for any reason fail or refuse to complete the 38 loans within the time limit of this commitment and in accordance with the terms of this commitment, we are to retain whatever sum re-mains in our possession after crediting your account as set out above as compensation for our work in securing this commitment ■for you from the John Hancock Mutual Life Insurance Company of Boston, Massachu•setts.
“6. This commitment is good for a period of nine months expiring on April 15, 1953.
“Very truly yours, Dane & Northrop
By: /s/ A. K. Northrop
“July 17, 1952
“I accept the above and hereby hand you my check in the sum of $4,088.
“/s/ Roy O. Rittiner”
The parties to the suit concede that the deposit was never made. The defendant offered evidence to show why the deposit was not made to the effect that it was understood by the parties that the contract was not to be confected until the defendant had secured the necessary interim financing. In this he is supported by the testimony of Mr. Kelly who was present at the time the contract was signed.
A member of the plaintiff firm testified that the confection of the contract was not dependent upon the securing of interim financing; however, he did testify in one instance that the defendant did not offer any explanation for not having made the deposit and in another instance he testified that the plaintiff gave as a reason, for not making the deposit at that time, that he did not want to take that amount out of his statement until after he signed the building contract. The testimony of plaintiff’s witness is not corroborated.
Kelly failed to secure the interim financing for the defendant. There is testimony in the record that the defendant endeavored to secure the interim financing thereafter through the plaintiff without avail. On December 4, 1952, the plaintiff addressed a letter to the defendant to the effect that *1079 unless defendant called at the plaintiff’s office on or before December 10th and made an amicable settlement of the matter that it would be placed in the hands of an attorney for collection. Thereafter the plaintiff’s attorney addressed a letter to the defendant demanding the payment of the $4,088.
The plaintiff contends that the parol testimony is inadmissible to vary, alter or contradict the contract. For the purpose of a decision in this case, it is immaterial whether or not the parol testimony is admissible to explain why the deposit was not made because an essential condition of the contract was not complied with, the deposit was never made. A mere reading of the contract shows that the securing of the commitment was contingent upon the deposit being made; in other words, the deposit was a condition precedent to the effectuation of the contract. Until it was made there was no contract between the parties and the defendant was at liberty to withdraw from the incompleted transaction. As stated in the case of State ex rel. Bond v. Register of Conveyances, 162 La. 362, 110 So. 559, 560, “the requirement of the deposit was not a mere idle gesture.” See also Tucker v. Rogers, 172 La. 445, 134 So. 388; In re Industrial Homestead Ass’n, La.App., 198 So. 528.
While these cases involve contracts relating to the sale of real estate, yet the principle announced therein is equally applicable in a case of this nature.
For the reasons assigned, the judgment of the lower court is reversed and set aside and the plaintiff-appellee’s suit is dismissed at its cost.