McCALEB, Justice
(dissenting).
It appears to me that this case simply involves the breach by defendant of an unconditional obligation which renders him liable for the amount demanded in the petition.
According to the uncontroverted facts,, defendant sought out plaintiff brokerage firm for the purpose of securing a financing-commitment of $408,800 on 38 housing units, which he intended to erect in a subdivision. Through its efforts, plaintiff was able to secure such a commitment and, on July 17,. 1952, offered to defendant its guarantee that the loans on the 38 units would be supplied by John Hancock Mutual Life Insurance-Company, conditioned upon defendant’s deposit with it of $4,088 (or 1% of the total amount of loans available) in cash, certain, approvals of buildings by the F.H.A., etc.,, and other stipulations which are not pertinent to the case. Upon the acceptance in¡ writing of this proposition, the binding contract became extant, plaintiff’s obligation, thereunder being conditioned upon defendants’ compliance with the stipulations contained therein. And, upon defendant’s failure to perform his obligations, e. g., the-deposit of $4,088 in cash, he breached the.contract and became liable to plaintiff for *1081 its damages under Article 1926 of the LSA- ' Civil Code.
The decisions relied on in the majority-opinion, namely State ex rel. Bond v. Register of Conveyances, 162 La. 362, 110 So. 559; Tucker v. Rogers, 172 La. 445, 134 So. 388 and In re Industrial Homestead Ass’n, La.App., 198 So. 528, are not controlling as they present the reverse of the situation appearing in this case,[1] that is, the defaulting parties in those matters were seeking the enforcement of offers to sell real estate when they, themselves, had failed to comply with the conditions thereof. Here, the defendant, who has accepted unconditionally the offer of plaintiffs, which is of a conditional nature, is attempting to absolve himself from liability by pleading his own breach of the conditions of the contract. This he cannot do. Article 2028 of the Civil Code provides:
“The contract of which the condition forms a part is, like all others, complete by the assent of the parties; the obligee has a right of which the obligor can not deprive him; its exercise is only suspended, or may be defeated, according to the nature of the condition.”
Thus, defendant was obliged, upon his acceptance of the offer, to make the deposit and to comply with the other conditions in order to obtain the benefits which were to inure to him at a result of plaintiff’s commitment. In default thereof, he became liable for plaintiff’s damages.
I respectfully dissent.

. As was recently pointed out by us in Samuelson v. Bosk, 219 La. 477, 53 So.2d 239.