Dear Mr. Abadie:
This office is in receipt of your opinion request where you ask us to consider whether a clerk of court may cancel the inscription of a donation of immoveable property from the conveyance records of the parish and if so, what is the proper procedure to cancel the inscription.
Per your request, you advise us that clerks of court have traditionally been given the power to cancel inscriptions in the mortgage records, but because this inscription is in the conveyance records, you are unsure if a clerk can cancel it. You also advise us that a notice of seizure of the property was recorded on February 1, 1995, and subsequently the donation was recorded. In addressing your issue, we look to LSA-R.S. 13:3888. It provides,
 "A. Upon the sheriff's filing of the notice of seizure required by Article 2293 of the Code of Civil Procedure, no sale, contract, counter letter, privilege, lien, mortgage, judgment, surface lease, oil, gas, or mineral lease, or other instrument or writing relating to or purporting to affect immovable property that has not been filed previously for registry shall effectively create, transfer, or encumber any interest in the immovable property under seizure. Following the registry of the sheriff's deed, any such instrument or writing that may have been filed after the filing or the notice or seizure shall be canceled by the clerk of court upon the request by affidavit of any interested party. However, if the notice of seizure is canceled other than as a result of the ensuing sheriff's sale, all such acts shall thereupon be accorded such effect as the law would have allowed if the notice of seizure had never been filed."
Under the factual situation you present us, the recordation of the donation has no affect on the property because it was recorded after the filing of the notice of seizure and the interested party may request by affidavit that the clerk cancel the inscription of the donation. If the interested party does request the clerk to cancel the inscription of the donation, the clerk of court is required to cancel it. Please note that LSA-R.S. 13:3888 does not limit the clerks to canceling inscriptions in the mortgage records, as it applies to any type of recorded transaction involving the immoveable property.
Louisiana courts have also held that clerks of court may in certain circumstances be required to cancel or erase inscriptions in the records. Winn v. Sinclair Refining Co., 25 So.2d 543
(La.App. 2 Cir. 1946); State ex rel. Code v. Code,41 So.2d 62 (La. 1949). In Winn, the court said, "The procedure by writs of mandamus to compel the erasure and cancellation from the records of instruments affecting real property is too well established, and recognized, to need citation." Id at 546. Similarly, in State ex rel.Code the court said,
 "It is observed that in most cases under our jurisprudence where mandamus is sought for the erasure of an inscription, the inscription operates as a cloud on the title to the property involved. . . . mandamus is the proper remedy to compel the ministerial officer to perform a purely ministerial act." Id at 65.
This is a circumstance where the law creates the power in the clerks of court to remove any inscription or recordation of a transaction in their record, and if they do not comply with a legal request to remove the inscription, the adverse party may bring a mandamus action to compel them to act. The clerk should cancel the inscription if legally required and requested to do so in the same manner he would cancel an inscription placed in the mortgage records.
We hope the foregoing sufficiently answers your inquiry. If you have any further questions, please contact us.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW/pb
p:/jrw/opinions/ 96-362.wpd
DATE RECEIVED:
DATE RELEASED:
J. RICHARD WILLIAMS ASSISTANT ATTORNEY GENERAL