No. 902.

A. C. DUMARTRAIT, USE OF, ETC., VS. WILLIAM P. KEMPER.

If plaintiff acquired the notes sued upon in pledge for his clients, the creditors of Penn, to whose order they were drawn and by whom they were indorsed, he did so with the full knowledge of the defective title which defendant, the drawer of the notes, received to the land, in consideration of which the notes were given; and his knowledge was the knowledge of his clients. Failure of consideration, which is pleaded, is clearly shown.

There is no demand in reconvention in the pleadings, although urged in counsel's brief, for the cash part of the price of the land paid by defendant to Penn. Besides, Penn has not been cited. If the plaintiff has authority from Penn to sue on the notes, that does not give him authority to represent Penn in the demand to recover the cash part of the price of the land which was paid to Penn at the time of the sale.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J.  *A. C. Dumartrait*, for plaintiff and appellee.  *A. L. Tucker* and *D. Caffery*, for defendant and appellant.

WYLY, J.  Plaintiff, for the use of Henry Penn and his creditors, sued the defendant on certain promissory notes, amounting in the aggregate to ninety-five hundred dollars, executed by defendant to the order of Henry Penn and indorsed by him.

The defense is failure of consideration caused by eviction of defendant of the principal part of the tract of land for the purchase price of which these notes were given.

The plaintiff is not a third holder before due for value. He holds

Dumartrait vs. Kemper.

these notes as agent for Henry Penn, the payée, with the understanding that when collected a part of .the proceeds is to be applied to the payment of certain creditors whose claims are in .his hands as attorney at law, and the balance of the proceeds is to be paid to Penn.

Besides, if plaintiff acquired these notes in pledge for the creditors of Penn, his clients, he did so with full knowledge of the defective title which defendant received to the land, in consideration of which the notes were given; and his knowledge was the knowledge of his clients.

Failure of consideration is clearly shown. There is no demand in reconvention in the pleadings, although urged in the brief, for the cash part of the price of the land paid by defendant to Penn. Besides, Penn has not been cited. If plaintiff has authority from Penn to sue on the notes, that does not give him authority to represent him in the demand to recover the cash part of the price of the land which he paid to Penn at the time of the sale.

It is therefore ordered that the judgment in favor of plaintiff be annulled, and that plaintiff's demand be rejected with costs of both courts.