SAMUEL, Judge.
This is a suit for the recovery of an $800 deposit made by plaintiff in connection with his offer to purchase certain real estate. Plaintiff has prosecuted this appeal from a judgment dismissing his suit.
Plaintiff is a seaman who, during the time of the transactions here involved, was regularly at sea for ten days and at home for two. He was unable to read or write but could sign his name. He signed two offers, both prepared by an employee of Treadaway, defendant real estate agent herein and selling agent for the property, for the purchase of 1420-22 Delery Street, New Orleans. The first offer was for $7,800 and, together with a $25 so-called “good faith” deposit, was left with the agent. The second offer was for $8,000 and it was left with plaintiff’s daughter. The first offer was rejected and several days thereafter, while plaintiff was at sea, the agent obtained from plaintiff’s daughter the second offer and the sum of $775, thus making a total deposit of $800.
The $8,000 offer was accepted by the owner of the property, a succession, through its dative testamentary executor, but the acceptance contained the written condition “Sale of property subject to Court approval”. At the time of the offers, refusal and acceptance plaintiff was not aware that the property was involved in, or owned by, a succession and he was not informed of that fact by the agent.
Defendant realtor immediately made the necessary finance arrangements in accordance with the terms of the contract, which stated simply $2,000 cash with the balance to be first mortgage $5,400, 6%, 11J4 years, and second mortgage, $600, 7%, two years. The executor of the succession made the *669 necessary application to the court for permission to sell the property at private sale (all of these transactions took place prior to January 1, 1961, the effective date of the Louisiana Code of Civil Procedure).
In the meantime plaintiff returned to New Orleans and complained to the agent of not being notified of the refusal of the first offer and of the latter obtaining the second offer and the $775 without plaintiff’s permission. He now also complains that he desired to be financed through his own homestead, and that the financing terms as contained in the offer which was accepted were inserted after he signed that offer, although his testimony during .the trial contradicts the first complaint. In addition, plaintiff was informed by his homestead that the value of the property was considerably less than $8,000.
By means of a letter written by his attorney on October 30, plaintiff withdrew his offer and demanded the return of his deposit. The following month, specifically on November 14, court approval for the sale was obtained by a judgment homologat-ing the application for private sale. The act of sale was then set by defendant’s notary for November 23. The financing arrangements, the court approval and the date set for passing the act were all within the time limit prescribed by the contract.
Plaintiff now seeks the reversal of the judgment appealed from on several grounds. However, in view of our position thereon, we need consider only one, to wit: that no valid contract was ever entered into because of the fact that the acceptance of the offer was conditional.
Art. 1805 of the Louisiana Civil Code, LSA, reads as follows:
“The acceptance to form a contract must be in all things conformable to the offer; any condition or limitation contained in the acceptance of that which formed the matter of the offer, gives him, who makes the offer, the right to withdraw it.”
Under this article it is quite clear that an acceptance conditioned upon the approval of a third person, where such condition is not contained in the offer either directly or by implication, does not conform to the offer and that such offer and conditional acceptance do not form a contract. However, defendants argue that while this is true in the ordinary case it is not true where the condition is one imposed by operation of law; that here the executor’s acceptance reading “Subject to Court approval” was not a condition imposed by the executor but one imposed by law because of the fact that, under the existing law, the executor could not sell this particular succession property without court approval.
We agree that court approval was necessary in order for the executor to sell (LSA-R.S. 9:1451-1454), but we do not agree with the balance of the argument. The important consideration here is that the offeror did not know that the property he sought to buy was owned by a succession. Under these circumstances his offer could not and did not contemplate the necessity of obtaining court approval prior to the sale, and the acceptance was not unconditional as required by LSA-Civil Code Art. 1805. Defendant’s argument relative to operation of law and the fact that the executor could accept the offer in no other form addresses itself to the authority of the executor rather than to whether or not the offer was accepted without condition or limitation. A different situation may have presented itself if plaintiff, at the time of making the offer, had known that the property was owned by the succession, and certainly a different situation would be presented if a statement of this fact were contained in the offer, but neither of these situations is present and we pass on neither.
Defendants, further argue that from a consideration of all the evidence it is apparent that plaintiff refused to go through with the sale solely for the reason that his homestead advised him that the property was worth less than he had offered to pay.
*670 We are not impressed by this argument, even if it be assumed that the refusal was based on this one fact. We are concerned only with whether or not a valid contract ever came into existence and have decided that it did not.
For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in favor of the plaintiff, Lemuel S. Bennett, and against the defendants, Philip C. Treadaway and Henry Robinson, as dative testamentary executor of the Successions of Mrs. Lucille Robinson, widow of John Henry and of John Henry, in the full sum of $800, all costs of these proceedings to be paid by defendants.
Reversed and rendered.