SAMUEL, Judge.
This is an action for damages arising out of an alleged breach of a written contract to purchase and sell immovable property in the City of New Orleans. The trial court awarded judgment in favor of plaintiffs in the sum of $4,500.00, together with attorney’s fees in the sum of $750.00, and the defendant has appealed.
The property involved was owned in indivisión by the three plaintiffs, one of whom was a minor, and the purchase price was $45,000.00. The contract upon which the action is founded is one of the usual standard forms of agreement to buy and sell real estate.
A total of six witnesses testified, one of the plaintiffs, the defendant, and two additional witnesses called by each side. The testimony, especially that of the litigants, is sharply conflicting on many of the pertinent issues involved and on numerous unimportant facts. It is particularly conflicting on the question of whether or not plaintiffs relieved defendant from the necessity of putting up the deposit. No useful purpose could be served by a detailed discussion of this testimony and we prefer simply to set out the conclusions we have reached as to the facts, which are as follows :
For some time defendant had been interested in purchasing and had made offers to real estate agents handling the property for the plaintiffs which offers were not accepted as being too low. On the occasion when the agreement was entered into defendant dealt directly with one of the plaintiffs, R. R. Richmond. The contract was signed by these two parties on August 15 but, for various reasons which may have been to the mutual advantage of both, was post-dated September 5 of the same year. The signature of one of the other plaintiffs, for herself individually and as tutrix for the plaintiff who was a minor, was affixed later that evening or the following day, August 16. At the time of the signing by defendant, August 15, he offered to make the deposit with what he describes as a “draft”, and what plaintiff witnesses describe as a “check”, on his savings account in a local bank. This offer was unacceptable to Richmond because he felt that he would be unable to cash the instrument. The parties then agreed that the defendant would make the deposit when he had collected certain rents shortly after the first of September. Although defendant does not contend that he did not collect the rents as anticipated, he failed to make the deposit. In the meantime, on August 29, defendant made application to Delta Life Insurance Company in New Orleans for the loan as stipulated in the contract and shortly thereafter was informed by Delta that they were not interested in making such a loan.
On or about September 5 plaintiff contacted the defendant by telephone and unsuccessfully demanded that the latter make *293 the deposit. Defendant then made inquiries and additional attempts, all unsuccessful, to obtain the loan from other sources. Several weeks thereafter plaintiff took the defendant to the Third District Homestead Association where the defendant made an application for the loan. On November 2 the homestead advised defendant that the loan had been approved but it required an additional pledge of the homestead’s stock, which the testimony reveals was in the amount of $3,000.00. Plaintiff and his attorney then made additional demands upon defendant for the deposit. The deposit was never made. On September 12 plaintiff began re-advertising the property although negotiations with defendant continued as above set forth. We are satisfied that the loan as contemplated by the contract was unobtainable without further security. This suit was filed on November 14 and during the following month, December, plaintiff was successful in obtaining another purchaser.
The contract contained the following provision : “If this offer is accepted, purchaser must deposit with seller’s agent immediately in cash 10% of purchase price amounting to $4,500.00.” Defendant contends that he had offered to post the deposit, that Richmond had refused to accept the same, that therefore the trial court was in error in holding, as it did, that he had breached the contract by failing to make the deposit. This involves solely a question of fact. The trial court clearly did not find that the evidence justified a conclusion to the effect that the defendant was ever relieved of the necessity of making the deposit and neither do we.
Defendant also argues that his offer was never legally accepted since said offer by its terms required “court order acceptance” (the contract contained the following provision “This sale is subject to court acceptance as minor is involved in estate”) and there was never any court order acceptance of the offer; that the obligation to post the deposit therefore never arose and could only arise after acceptance by court order. We do not agree with this contention. The instant case is clearly distinguishable from Bennett v. Treadaway, La.App., 134 So.2d 668, 669, No. 21,264 of our docket. In the Bennett case the necessity for court approval was not contained in the offer and such necessity was unknown to the offeror. Accordingly we held that an acceptance made “subject to Court approval” was conditional, in violation of LSA-Civil Code Art. 1805, which provides that the acceptance must in all things conform to the offer, and prevented a valid contract from being entered into. In the instant case the condition was contained in the offer, the acceptance was of the whole contract including the condition and the acceptance was unconditional. The acceptance here conforms to the offer in every respect and a valid contract, subject to a valid suspensive condition requiring court approval, was entered into immediately upon the acceptance.
Defendant further argues that the contract had become null and void by reason of the fact that the loan upon which the contract was conditioned could not be obtained. He refers us to other provisions of the contract which reads: “This sale is conditioned upon the ability of the purchaser to borrow itpon this property as security the sum of $30,000.00 * * * ” and “Should the loan stipulated above be unobtainable by the purchaser, seller or agent within 60 days from date of acceptance hereof this contract shall then become null and void and the agent is hereby authorized to return the purchaser’s deposit in full.” In this connection a recent case decided by this court is controlling. That case is Bayon v. Pettingill, La.App., 77 So.2d 202, in which we held that the deposit required by a contract to purchase is a substantial and important part of the contract and the failure to make such an agreed deposit constitutes a breach of the purchaser’s obligation which entitles the v endor to liquidated damages. In Bayon there was also present an inability to make the *294 loan contemplated by the contract but the court held that this fact did not relieve the defendant from the obligation of making the deposit as required by the contract and he was responsible for his breach in not making the deposit regardless of the subsequent inability to obtain the loan. The same rule applies to the instant case.
Defendant also complains that plaintiffs have been awarded damages without proof of such damages. We find no merit in this contention. While it is true that no proof of damage was offered, the contract itself provides “In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso facto, forfeited, * * * Defendant has signed a contract which sets or liquidates the damages resulting from his breach at the amount of the deposit ($4,500.00) required by the contract and he is bound thereby.
Defendant’s final contention is that there should be no award of an attorney’s fee to plaintiffs and with this contention we are in agreement. The same question was decided by this court in the cases of Scurria v. Russo, La.App., 134 So.2d 679, No. 21,463 of our docket, on rehearing, and Matthews v. Gaubler, La.App., 49 So.2d 774, 778, in which we held that where the contract to purchase or sell provided “Either party hereto who fails to comply with the terms of this offer, if accepted, is obligated [and agrees] to pay the Agents Commission and all fees and costs incurred in enforcing collection and damages”, which identical provision was present in those two cases and is present here, attorney’s fees can be obtained only in connection with enforcing collection of the agent’s commission and cannot be obtained in connection with enforcing the rights of the purchaser or seller.
For the reasons assigned the judgment appealed from, only insofar as it awards attorney’s fees, is annulled, avoided and reversed; in all other respects the judgment appealed from is affirmed; costs in this court to be paid by plaintiffs-appellees, costs in the lower court to be paid by defendant-appellant.
Affirmed in part; reversed in part.