ON REHEARING
Before McBRIDE, REGAN, JOHNSON, YARRUT and SAMUEL, JJ.
REGAN, Judge.
In our original opinion, we affirmed a judgment of the trial court which awarded plaintiff $4500, the amount of the deposit, as liquidated damages for defendant’s breach of a contract to purchase real estate and reversed that part thereof which awarded attorney’s fees to the plaintiff.
In his application for rehearing, the defendant initially asserts that the court erred in reasoning that the plaintiffs and the defendant had entered into a valid contract. One of the prospective vendors is a minor, and defendant’s offer was accepted on behalf of the minor by her tutrix. Defendant argues that this acceptance for the minor was invalid since it is conceded that the tutrix failed to obtain the court’s approval before accepting the offer.
In support of this contention, counsel relies upon those provisions of the ’Civil Code and Louisiana Revised Statutes which state explicitly that any sale of immovable property, owned in whole or in part by a minor, must be approved by the court in order to be valid.
While it is true that all sales of im-movables owned by minor’s must be court approved, we do not agree that the minor’s tutor must also obtain court authorization to accept any offer to purchase real estate on the minor’s behalf. The only duty borne by the tutor in executing a contract to sell real estate where a minor is involved is that of informing the prospective purchaser that a minor owns a portion of the property and, therefore, the execution thereof is subject to a suspensive condition, *295 namely, court approval of the terms of the contract.
There exists no doubt that the defendant herein was fully cognizant of the minor’s interest since this fact is exemplified by virtue of the very terms of the contract, which, in part, reads:
“This sale is subject to court acceptance as minor is involved in estate.”
The second specification of error urged by the defendant is that the court’s award of damages was improper because plaintiff failed to prove that he was entitled thereto. He argues that the plaintiffs failed to prove that title was tendered to the defendant, and therefore, they are not entitled to the amount of the deposit since the contract provides in part:
“In the event the purchaser fails to comply with this agreement within the time specified, the seller shall have the right to declare the deposit, ipso facto, forfeited without formality beyond the tender of title to purchaser; or the seller may demand specific performance.”
In view of the fact that the defendant simply ignored the plaintiffs’ repeated requests for the deposit of $4500 in conformity wtih the terms of the contract, it would have been a useless gesture for the plaintiffs to tender title when the defendant had already actively breached the contract. The principle is well settled that the law does not require the performance of a vain or futile gesture before a party, who is injured as the result of a breach of contract, is entitled to damages.[1] Thus, where a party refuses to perform his obligation, the other need not formally place him in default by a formal tender of title.
Counsel for defendant finally insists that this court obtained an erroneous result when it misinterpreted the rationale of Bayon v. Pettingill.[2] In our original opinion we said that the ratio decidendi thereof was to the effect that a purchaser who failed to deposit ten percent of the purchase price upon acceptance of the contract, when the agreement so specified, was guilty of an active breach thereof. In that case the purchaser’s attorney had given the vendor a check in the amount of the deposit due; however, the purchaser subsequently learned that he could not finance the purchase and he instructed his attorney to stop payment on his check. And despite the fact that the purchaser had reason to believe the agreement to purchase must ultimately fall because he could not obtain a loan, he still was deemed to have actively breached the contract by initially failing to tender the deposit specified by the agreement.
Thus we are compelled to conclude that the Bayon case is apposite to the factual situation now being considered by us. In this case, defendant was refused a loan by one lending agency before he was required to make the deposit. On the date performance by the defendant was due, he still failed to deposit ten percent of the purchase price with plaintiff, nonetheless he persisted in his efforts to finance the purchase. We are of the opinion that the defendant breached the contract by failing to deposit the amount required therein, de-sepite the fact that his application for financing had already been refused by one lending institution, and this was identically the same situation which existed in the Bayon case in which this court also concluded there had been a breach of the agreement.
For the reasons assigned, the original decree is reinstated and is made the judgment of this court.
Original decree reinstated.

. Fox v. Doll, 221 La. 427, 59 So.2d 443; Voss v. Roach, La.App., 35 So.2d 142.

. La.App., 77 So.2d 202.