SAVOY, Judge.
This case is on appeal by the plaintiff from a judgment by the district court granting defendant a summary judgment dismissing plaintiff’s suit and rejecting his demands.
The instant suit was instituted by plaintiff, wherein he alleged damages and personal injuries sustained by him while riding as a guest passenger in an automobile driven by one of the defendants, William O. Johnson. Liberty Mutual Insurance Company, liability insurer of Abdalla’s Furniture, Inc., plaintiff’s employer, was also named as a party defendant in said proceedings.
Liberty Mutual Insurance Company filed a motion for a summary judgment seeking a dismissal of the action against it for the reason that plaintiff was acting in the course and scope of his employment at the time of the accident, and their policy of insurance afforded no coverage to the said William O. Johnson who was a co-employee of plaintiff.
After a hearing on the application for a summary judgment, the trial court granted same and dismissed plaintiff’s suit.
In his petition in the instant case, plaintiff alleged that he was not in the course and scope of his employment at the time the accident occurred.
The insurance policy in question provides the following exclusion:
“The insurance with respect to any person or organization other than the named insured does not apply:
******
"(c) To any employee with respect to injury to or sickness, disease or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of an automobile in the business of such employer.”
It is apparent from the record that there is a genuine issue of fact involved in this case. The evidence adduced on the motion for summary judgment reveals that both plaintiff and Johnson were employees of Ab-dalla’s Furniture, Inc., in Opelousas, Louisiana. They had been sent to one of the Ab-dalla stores in Lafayette, Louisiana, on the day of the accident. Manuel testified that the accident occurred after working hours; therefore, he contends he was not in the course and scope of his employment at the time of the accident, whereas the defendant takes the position that he was.
In the recent case of Vallier v. Aetna Finance Company (La.App., 3 Cir., 1963), 152 So.2d 112, this Court reviewed the history and cases dealing with the summary judgment. This Court, with Judge Tate as the organ of the Court, made the following observations, to-wit:
“The summary judgment procedure is an innovation in our practice created by the 1960 LSA-Code of Civil Procedure, Articles 966 et seq. Subsequent to our learned trial brother’s granting a summary judgment herein, several decisions have greatly clarified and limited the availability of this remedy. See especially Kay v. Carter, [243] La. [1095], 150 So.2d 27 (Docket No. 46,341, decided February 18, 1963); also: Ellis v. Johnson Lumber Co., Inc., La.App. 3 Cir., 150 So.2d 838; McDonald v. Grande Corporation, La.App. 3 Cir., 148 So.2d 441; and Touchet v. Fireman’s Insurance Company, La.App. 3 Cir., 146 So.2d 441.
“Basicall}', these cases hold that the summary judgment remedy, which deprives a litigant of trial on the merits, is not a substitute for such trial and may not be resorted to whenever there is a genuine issue of material fact which must be resolved; that, in passing upon a motion for summary judgment, the function of the court is not to determine the merits of the issues raised, but it is rather only to determine whether or not there is a genuine issue of material fact; and that the burden to show *15 there is not a material factual issue is upon the mover for summary judgment, with all doubts to be resolved against the granting of a summary judgment and in favor of a trial on the merits to resolve disputed facts.”
The Vallier case, supra, was followed in Richie v. Chaudoir (La.App., 3 Cir., 1964), 163 So.2d 371.
For the reasons assigned, the judgment of the district court is reversed, and the case is remanded to the district court for further proceedings consistent with the views expressed herein. Costs of this appeal to be borne by defendant. All other costs to await final determination of the case.
Reversed and remanded.