186 So.2d 454 (1966)
DELTA EQUIPMENT AND CONSTRUCTION CO., Inc., et al.
v.
ROYAL INDEMNITY CO., Inc., et al.
No. 6640.
Court of Appeal of Louisiana, First Circuit.
May 9, 1966.
*455 E. Drew McKinnis, of McGehee & McKinnis, Baton Rouge, for appellants.
Robert W. Smith, of Seale, Hayes, Smith & Baine, Baton Rouge, for appellees.
Before ELLIS, LOTTINGER, LANDRY, REID and BAILES, JJ.
LANDRY, Judge.
Plaintiff, Delta Equipment & Construction Co., Inc., (hereinafter referred to as "Delta"), has taken this appeal from a summary judgment of the trial court dismissing its suit against appellant's compensation insurer, Royal Indemnity Company (hereinafter referred to as "Royal"), and Fireman's Fund Insurance Co. (hereinafter referred to as "Fireman's"), the professional liability insurer of Royal's attorney, for damages sustained as the result of the attorney's alleged dereliction in permitting default judgment to be entered and confirmed against appellant in an action by a former Delta employee on a claim for unpaid *456 wages not covered under Delta's compensation policy.
The motion for summary judgment granted by the trial court was filed on behalf of Fireman's and its insured law firm, notwithstanding the law firm was not joined as a defendant herein. Attached to said motion for summary judgment was a supporting affidavit. A counter-affidavit was filed by Delta stating that certain exhibits are attached thereto but which in fact are not appended and do not appear in the record. The opposing affidavit filed by Delta also contains the following averment: "All other allegations of plaintiff's petition are true and correct to the best of affiant's knowledge, information and belief." Appellant thusly attempts to verify the allegations of its petition on information and belief and in such manner incorporate the declarations in its complaint in its counter-affidavit. In this regard we note that LSA-C.C.P. Article 967 provides that supporting and opposing affidavits filed in connection with a motion for summary judgment shall be made on personal knowledge and shall affirmatively show that the affiant is competent to testify with regard to the matters therein stated. It appears, therefore, only those statements sworn to on personal knowledge may be considered in disposing of a motion for summary judgment.
The pleadings, answers to interrogatories, affidavit of mover and counter-affidavit of appellant reveal that on or about August 22, 1962, two actions were instituted against Delta in Natchitoches Parish by one L. T. Lewis who asserted demands based on his alleged employment by appellant and purported injury during the course thereof. One avowed claim was for workmen's compensation benefits and the other was for one day's wages together with attorney's fees and penalties allegedly incurred because of Delta's avowed failure to timely pay the day's wages earned and due. When service of the aforesaid demands was made on appellant, the separate petitions were stapled to each other with the copy of the compensation suit on top. Service was made on a Mrs. Buckles, a secretary who had been in Delta's employ for approximately two months. Subsequently, on the day of service, Delta's president, Mr. A. A. Lindley, made a routine call to his office during the course of which he was advised by Mrs. Buckles that the Sheriff's Office had left in her possession certain legal documents relative to the L. T. Lewis claim. Lindley directed Mrs. Buckles over the telephone to immediately mail the papers to the Wright Insurance Agency. Mrs. Buckles then called the Wright Agency and informed Mrs. Joanna Maggio of that concern that the suit documents in question were being forwarded to her pursuant to Lindley's instruction. Mrs. Buckles promptly dispatched the papers by mail without a cover letter. Being unaware there were in fact two suits stapled together, Mrs. Buckles simply mailed the papers and did not inform Mrs. Maggio two suits were involved.
Upon receipt of the documents the Wright Agency promptly forwarded them to Royal which in turn transmitted both suits to a law firm in Shreveport, Louisiana. An attorney of the firm involved examined the documents, discovered the suit for wages annexed to the back of the compensation action and returned the wage demand to Royal. The attorney promptly filed a motion for extension of time to plead on behalf of Delta and Royal in the compensation suit and subsequently defended said action.
After receipt of Lewis' petition for wages, attorney's fees and penalties, Royal returned it to the Wright Agency who sent it back to Delta. On the same day Delta again received the suit for wages, Delta also received notice of judgment rendered against it for the sum of $1,394.22 in Lewis' action, said amount consisting principally of penalties and attorney's fees. Appellant maintains that had Lewis' suit for wages been timely defended appellant's maximum liability could have been limited to the sum of $129.85, including costs and attorney's fees. *457 Appellant further contends the measure of its damages is the difference between the amount of the aforesaid judgment and the sum to which its liability could have been restricted by a timely defense, as hereinabove indicated, and herein seeks judgment for said difference or the sum of $1,264.37.
The record reveals the total absence of a formal or contractual attorney and client relationship between appellant and the law firm engaged by Royal to defend the compensation suit instituted by Lewis against Delta. There is in the record the affidavit of the attorney who discovered the suit for wages with the compensation claim which said affidavit contains the following statement:
"Affiant further deposed and said that the firm was asked by the Royal Globe Indemnity Company to represent it in a lawsuit where one L. T. Lewis was suing for workmen's compensation by reason of his employment with Delta Equipment.
"Affiant further stated that when the workmen's compensation suit was transmitted to his office, affixed underneath the compensation suit there was a second law suit which involved a claim for wages plus penalties and attorney's fees by L. T. Lewis against Delta Equipment & Construction Company; that the said law firm was not asked by the Royal Globe Indemnity Company nor Delta Equipment & Construction Company, nor anyone else to represent anyone in the second suit, nor did the firm have knowledge of the second suit."
It is now the well settled law of this state that summary judgment will lie only when the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue or dispute as to a material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. Article 966; Kay v. Carter, 243 La. 1095, 150 So.2d 27.
Learned counsel for appellant cites in his brief Kay v. Carter, supra, together with Wilkinson v. Husser, La.App., 154 So.2d 490; Manuel v. Liberty Mutual Insurance Company, La.App., 166 So.2d 13; Vallier v. Aetna Finance Company, La.App., 152 So.2d 112; Grant v. Touro Infirmary, La.App., 169 So.2d 574 and Joseph v. Greater New Guide Baptist Church, Inc., La. App., 159 So.2d 556, in support of the principle that summary judgment should be cautiously granted, should never be substituted for a trial on the merits and should never issue unless mover is entitled to prevail as a matter of law on undisputed facts. With these pronouncements we are in complete accord. We have, however, read each of the cited authorities and find them distinguishable from the case at bar.
The averments of plaintiff's petition, supported only by affidavit executed on information and belief, charging that the law firm in question knew plaintiff relied upon said attorneys to defend the suit for wages, is plainly and clearly refuted by the positive and sworn affidavit annexed to the motion for summary judgment, which affidavit is by a person competent to testify to the statements therein contained. Moreover, from the asseverations in Delta's petition and the answers to certain interrogatories propounded to its employees, the conclusion is inescapable that Delta was unaware of the fact that two separate actions were involved when service was made upon it and the papers were first transmitted to the Wright Agency. Under such circumstances there is no factual basis upon which it might be concluded Delta relied upon the law firm in question to defend the action for wages.
Assuming, arguendo, appellant was relying upon the attorneys retained by Royal, such reliance was totally unwarranted. In his brief before this court counsel for appellant cites Searcy v. Novo, La. App., 188 So. 490, 498, in support of the principle that a high degree of care is owed a client by an attorney. We have no quarrel with the pronouncements contained in the quoted authority but find the rule *458 therein enunciated inapplicable to the case at bar because no relation of attorney and client has been shown herein. The legal relationship of attorney and client is purely contractual and results only from the mutual agreement and understanding of the parties concerned. Such relationship is based only upon the clear and express agreement of the parties as to the nature of the work to be undertaken by the attorney and the compensation which the client agrees to pay therefor. The duty of an attorney to represent a litigant does not arise from the mere mailing to the attorney of documents served upon the litigant incident to a lawsuit unless, of course, the attorney is under contract or retainer obligating him to represent such party in all matters which such party may refer to the attorney. In such instances the duty to defend or represent arises, not from the mere mailing of the documents but upon the prior express undertaking of the attorney to represent the client. The duty to defend or represent imposes upon a member of the legal profession grave responsibilities which he may accept or decline at his election and for whatever reasons he chooses. An obligation of such gravity and magnitude may not be involuntarily thrust upon an attorney-at-law by the unilateral election of a litigant to mail him legal documents without a prior understanding or agreement between the parties. Consequently, the issue whether Delta relied upon the attorneys involved herein is not a question of material fact in view of appellant's own pleadings.
The only remaining question of fact relates to the length of time the documents were retained by the law firm before returning them to the firm's client, Royal. The answer to this question does not appear from either the pleadings or affidavits but the issue seems to be generally put by appellant's contention the attorneys and Royal did not return the wage suit documents in time to permit a proper defense thereof. This issue is likewise not a question of material fact since the law firm owed Delta no duty with regard to the suit inadvertently mailed without either Delta's knowledge thereof or the firm's consent and undertaking to defend the action.
Counsel for appellant argues that the firm of attorneys owed Delta at least the duty of advising that the suit for wages would not be defended. With this conclusion we do not agree. The attorneys involved owed Delta no duty whatsoever considering no relationship of attorney and client existed between them. The only duty owed by the attorneys under the circumstances was the return of the suit for wages to Royal from whence it came with notification that Royal, as Delta's compensation insurer, was under no obligation to defend an action instituted against Delta for unpaid wages.
Authorization to represent a client in connection with a specific legal matter does not imply authorization to handle all others, nor does the agreement or consent of an attorney to represent a prospective client in a particular matter create an attorney-client relationship as regards other business or affairs of the client. Dumartrait v. Kemper, 28 La. Ann. 620; Barnes v. Profilet, 5 La.Ann. 117; Lazarus, Michel & Lazarus v. Veazie, 14 Orleans App. 342.
There being no dispute herein regarding a genuine issue of material fact, and mover being entitled to judgment as a matter of law, the trial court properly rendered summary judgment in appellee's favor. The judgment of the lower court is affirmed at appellant's cost.
Affirmed.