288 So.2d 670 (1974)
OLYMPIA ROOFING COMPANY, INC.
v.
CITY OF NEW ORLEANS, etc., et al.
No. 5981.
Court of Appeal of Louisiana, Fourth Circuit.
January 8, 1974.
Rehearing Denied February 6, 1974.
Writ Refused April 5, 1974.
W. J. Manion, Manion & Hose, New Orleans, for petitioner and appellee.
Leonard B. Levy, W. S. Penick, Gordon F. Wilson, Jr., of Dodge, Friend & Wilson, New Orleans, for defendants-appellees.
Before STOULIG and BOUTALL, JJ. and FLEMING, J. Pro Tem.
ROBERT M. FLEMING, Judge Pro Tem.
The plaintiff appellant Olympia Roofing Company purchased from the New Orleans Passenger Terminal Committee, a tract of land in the City after divers negotiations, some conducted with the Committee's attorney, Leonard B. Levy; Olympia applied for a permit to the City of New Orleans to construct a structure on the property. The City refused to grant permission basing its denial on its contention that the City owned the land sold and that the Committee had no authority to sell it.
A lawsuit followed, basically on the title issue, and on April 6, 1970, this court determined that the City did own the property and the Committee lacked authority to convey the title (Olympia Roofing Company v. City of New Orleans, 234 So.2d 273 (La.App.1970)).
On August 11, 1972, Olympia filed this suit against several defendants for damages which they incurred as a result of the ultra vires conveyance.
This opinion only concerns the defendant Leonard B. Levy, who filed a peremptory exception of no right and no cause of action which was sustained in the district court on April 6, 1973. This appeal followed.
Insofar as Mr. Levy is concerned, it is conceded that he was employed by the Committee and was not the attorney nor agent of Olympia and no malice is alleged against him.
It is Olympia's contention that Mr. Levy knew or should have known that the law required the City to ratify the Committee's *671 sale and he was negligent and violated a duty to Olympia when the City failed to ratify and Olympia's title failed.
The pleadings are clear that the appellee Levy is a lawyer for the Committee and did not represent Olympia; to the contrary Olympia had its own lawyers who conducted the negotiations with Mr. Levy and the Committee and who examined the title to the property and closed the transaction.
A lawyer owes his client great responsibilities and duties and any obligation of such gravity and magnitude may not be involuntarily thrust upon an attorney. Delta Equipment and Constr. Co. v. Royal Indem. Co., 186 So.2d 454 (La.App., 1st Cir. 1966).
In the case of Bayon v. Pettingill, 77 So.2d 202 (La.App.1955) the court absolved an attorney who had stopped payment on a check for a client in favor of one not his client. In the Bayon case a prospective vendor brought an action against a vendee and his attorney to recover an option price after the vendee breached the contract.
The vendee's attorney gave the vendor a check for the option price but stopped payment of it on his client's instructions. A suit followed and the trial court rendered judgment in favor of the vendor and against the vendee and attorney. The Court of Appeal affirmed the judgment against the vendee but reversed the judgment against the attorney saying:
"Mr. Sladovich [the attorney] should not have been condemned in the judgment as he was to the knowledge of plaintiffs merely the attorney and agent for Pettingill [vendor]."
Even more to the point is the case of Grand Isle Campsites Incorporated v. Cheek, 249 So.2d 268 (La.App., First Cir. 1971), 262 La. 5, 262 So.2d 350 (1972), which was against a lawyer who had knowledge of his client's deceit.
The plaintiff corporation brought suit to recover a secret profit a promoter, Mr. Cheek, made in a sale to the corporation. The suit was also filed against the promoter's lawyer, Fetzer.
Cheek discovered that a landowner would sell certain land for $275,000.00 and got interested in the transaction. He was contacted by persons who later formed the plaintiff corporation and offered him a part in the company. Later he sold, through an interposed party, the land for $400,000.00 pocketing a profit of $125,000.00 plus shares in the corporation. Fetzer was Cheek's personal attorney who had knowledge of the profit, but did not disclose it. He drew the sale papers and made a title examination and other closing papers; he was retained only to do this.
When the secret profit was discovered, the corporation sued the promoter and the lawyer for it.
The trial court dismissed the suit and the Court of Appeal affirmed. As to Cheek the Court found no fiduciary duty to disclose the profit. As to Fetzer, the Court exonerated him finding that the scope of his responsibility was related to the particular work he did and he had no duty to involve himself in the question of how the parties arrived at the stated price.
The Supreme Court found that Cheek did have a duty to disclose all the facts to the incorporators as he, Cheek, was a member of a joint venture with them. As to the attorney, Fetzer, the Court said, quoting from the opinion of the Court of Appeal:
"`Mr. Fetzer responds that everyone knew he was Cheek's personal attorney and had worked previously for him in connection with the subject property. He denied that he was "representing" the corporation or anyone else in passing the sale. At Mr. Cheek's request, he merely followed Mr. Tomlinson's instructions relative to the preparation of the *672 documents and truthfully assured the parties that the sale was valid and the title good and merchantable, which was all he had been requested to do. Assuming for the sake of argument that, since the corporation did receive a benefit from Fetzer's work, an attorney-client relationship did exist, nevertheless the scope of Fetzer's responsibility is limited by the express understanding between him and the corporation's officers. He was not called upon to give his opinion as to the wisdom of the venture, the reasonableness of the price or any other affairs of the corporation. All of those matters had been settled to the satisfaction of all concerned prior to his involvement in passing the act of sale and it was unimportant to him, for the purposes of his work, how such agreements had been reached. The attorney-client relationship is contractual in nature and is based upon the express agreement of the parties as to the nature of work to be undertaken by the attorney. The agreement or consent of an attorney to perform work for a party on a particular matter or transaction does not create an attorney-client relationship as regards other business or affairs of the client. Delta Equipment and Construction Co. v. Royal Indemnity Co., 186 So.2d 454 (1st La.App., 1966). As noted by the trial judge, it is not the duty of an attorney who is retained to check a title on property and pass an act of sale to investigate the preliminary negotiations of the parties and involve himself in questions of how the parties arrived at the stated price.'"
In the case at bar, Mr. Levy acted in good faith to his client and probably even to Olympia. He did not owe Olympia an obligation that his principal would transfer a valid title to the property, nor is it alleged that he was aware of the Committee's inability to convey. It is not alleged that he warranted the Committee's capacity.
Throughout the petition it is clear that Olympia looked to Mr. Levy not as its attorney but as the Committee's attorney. If Mr. Levy breached any duty (and it is not suggested that he did) it would have been to his client and not to the plaintiff-appellant.
The judgment of the district court dismissing the suit against Mr. Levy and sustaining the exception of no right and no cause of action is affirmed at appellant's costs.
Affirmed.

ON APPLICATION FOR REHEARING
PER CURIAM.
The application for a rehearing filed on behalf of the appellant, Olympia Roofing Company, Inc., suggests that, in addition to Mr. Levy, our opinion inferentially exonerates from liability all of the other attorneys who were made parties defendant.
In order to preclude any misunderstanding of the import of our opinion, we explicitly state that it is an adjudication of the merits of appellant's claim against the defendant Leonard B. Levy and has no bearing whatever upon appellant's pending suit against the remaining defendants.
At our own instance, we note that our opinion states the attorneys for Olympia conducted the negotiations with Mr. Levy and the committee for the purchase of the property. In this we erred factually. The negotiations were conducted by an officer of Olympia, at the conclusion of which it retained attorneys to examine the title to the property and close the transaction.
The application for rehearing is denied.