368 So.2d 193 (1979)
John KELLER et al.
v.
Jesse E. LeBLANC, II, et al.
No. 12398.
Court of Appeal of Louisiana, First Circuit.
February 12, 1979.
Robert Downing, Baton Rouge, of counsel for plaintiffs-appellants, John Keller, et al.
Donald Zuber, and Ronnie Seale, Baton Rouge, of counsel for defendants-appellee, Jesse E. LeBlanc, II, et al.
Before LANDRY, COVINGTON and PONDER, JJ.
PONDER, Judge.
Plaintiffs appealed from the judgment, based on a jury verdict, dismissing their suit for damages allegedly arising from legal malpractice.
The issues are: (1) Did an attorney client relationship exist; and
(2) If not, are defendants liable under the doctrine of negotiorum gestio. We affirm.
Plaintiffs, losers in a union election, employed Mr. LeBlanc, who associated Mr. Fugler, *194 both attorneys, to contest the election. A fee was paid for this. Mr. Fugler prepared and filed a protest with the International Union. Plaintiffs represented themselves in the hearing, saying they could not afford to pay additional fees and expenses. Fugler received notice of the denial of the protest on August 6, 1974. From this point the accounts of the plaintiffs and of the defendants are widely divergent.
Mr. Fugler testified he sent letters to the plaintiffs stating that if they wanted to appeal to the Secretary of Labor they should notify him and pay the additional required fee. He sent a copy of this letter to LeBlanc who received it.
Plaintiffs denied receiving the letters, though properly addressed, and asserted that it was understood from the beginning that Fugler would appeal the denial of the protest. They testified they spoke to him over the telephone numerous times and met with him on August 14.
Fugler testified that he was absent from his office almost the entire month of August and was in North Carolina on the 14th. He offered telephone bills to corroborate this. Despite plaintiffs' failure to advise him of their wishes, in order to protect their rights, he dictated to his secretary over the telephone a letter of appeal. She, unfortunately, sent the letter to the National Labor Relations Board instead of the Secretary of Labor. Someone in the Board's office telephoned Fugler who had returned to his office, and advised him of the error but told him it was unnecessary to come to New Orleans to deliver the letter to the correct place; that he, the caller, would send it by interdepartmental messenger to the proper office. Instead the letter was sent by regular mail and arrived too late to be effective as an appeal.
The jury found that under the above circumstances there was no attorney-client relationship between the plaintiffs and the defendants. Because of the wide discrepancies in the testimony, the conclusion depends upon the credibility of the witnesses. The jury chose to believe the testimony of the defendants and their witnesses rather than that of the plaintiffs. We can find no error in that conclusion.
Plaintiffs next contend that even if no attorney-client relationship existed defendants nevertheless are liable under the theory of negotiorum gestio.
No instruction of this theory was requested of the court to be given to the jury and no objection was made of the court's failure to give such an instruction.
La.C.C.P. Art. 1793 reads in part as follows:
"A party may not assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict stating specifically the matter to which he objects and the grounds of his objection."
At any rate we find the contention unavailing. The relationship between an attorney and his client, a special type, is purely contractual in nature and results only from a clear and express agreement of the parties. Delta Equipment and Constr. Co. v. Royal Indemnity Co., 186 So.2d 454 (La.App. 1st Cir. 1966).
For these reasons we affirm the judgment at appellants' costs.
AFFIRMED.